Filed 11/5/13  Plummer v. Harris CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| EDWARD PLUMMER, JR.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>KAMALA D. HARRIS, et al.,<br><br>    Defendants and Respondents. | B245382<br><br>(Los Angeles County<br>Super. Ct. No. KC063228) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore Sirna, Judge.  Affirmed.

Edward Plummer, Jr., in pro. per, for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Senior Assistant Attorney General, Scott H. Wyckoff, Deputy Attorney General, for Defendants and Respondents.

_____

Edward Plummer, Jr. appeals the dismissal of his action under Code of Civil Procedure[1] section 425.16.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plummer, a former employee of the Department of Health Care Services (DHCS), sued various government agencies and officers, including DHCS and Deputy Attorney General Bruce Reynolds, asserting that they had violated Penal Code section 125 and 42 U.S.C. § 1983 by their in-court conduct in another lawsuit.  Reynolds and DHCS filed a special motion pursuant to section 425.16 to strike the complaint as a strategic lawsuit against public participation (SLAPP).  The trial court granted the motion and entered judgment in favor of Reynolds and DHCS.  Plummer appeals.

## DISCUSSION

Section 425.16 provides that "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16. subd. (b)(1).)  For purposes of the statute, an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public

---

[1]    Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

"Section 425.16 posits . . . a two-step process for determining whether an action is a SLAPP. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. [Citation.] 'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)' [citation]. If the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) We review the trial court's ruling de novo. (*Holbrook v. Santa Monica* (2006) 144 Cal.App.4th 1242, 1251.)

## A. Constitutionally Protected Activity

Here, it does not appear to be disputed that the causes of action arose from protected activity. In the complaint in this action, Plummer alleged that Reynolds, while acting as an attorney for DHCS and another client in another matter, made a false representation in court: specifically, he advised the superior court that in a federal action, Plummer was self-represented. Plummer concedes that Reynolds's statement was made during an official judicial proceeding. Under the plain language of section 425.16, subdivisions (e)(1) and (e)(2), Reynolds's in-court statements are acts in furtherance of a person's right of petition or free speech. Moreover, "all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 480.)

## B. Probability of Success

Once the moving party demonstrates that a cause of action is based on constitutionally protected activity, the plaintiff must then demonstrate a probability of

3

prevailing on the claim. (§ 425.16, subd. (b)(1).) Admissible evidence in support of the plaintiff's prima facie case must be presented on each element of the challenged causes of action. (*Roberts v. Los Angeles County Bar Association* (2003) 105 Cal.App.4th 604, 613-614.) Here, Plummer did not demonstrate a probability of prevailing on his claims.

Plummer's first cause of action alleged a violation of Penal Code section 125, which provides, "An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false." There is no basis in law for concluding that this statute creates a private right of action. Private rights of action are not created by the mere enactment of a statute; they exist only when the language of the statute or its legislative history clearly indicates that the Legislature intended to create a right to sue for damages. (*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.* (1999) 70 Cal.App.4th 55, 62-63.) This provision of the Penal Code is meant to be read in conjunction with the definition of perjury. (*People v. Von Tiedeman* (1898) 120 Cal. 128, 134.) It includes no indication that it was meant to provide a basis for a private cause of action, and Plummer has not provided any argument based on either the language of the statute or the legislative history to support his position that this statute creates a private right of action. Plummer, therefore, has not established a probability of success on this claim.

Plummer similarly did not establish a likelihood of success on his second cause of action, a civil rights cause of action under 42 U.S.C. § 1983 ("section 1983"). A section 1983 claim has two elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. (*Vergos v. McNeal* (2007) 146 Cal.App.4th 1387, 1402.) Plummer has not established any deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States.

The allegations here arise from proceedings to have Plummer declared a vexatious litigant. After the motion was granted and then reversed on appeal (*Plummer v. Coen* (Oct. 12, 2010, B213723) [nonpub. opn.]), Reynolds, acting as counsel for DHCS and

4

another defendant, renewed his motion to have Plummer declared a vexatious litigant. Plummer contends that at the hearing on the renewed vexatious litigant motion, Reynolds made two false representations:  first, he falsely represented to the trial court that Plummer represented himself in another action; and second, Reynolds falsely told the court that Plummer was not telling the court the truth about his representation in the other action.  Although Plummer argues that Reynolds intended to deprive him of his constitutional right to redress his grievances in court, he has not shown that Reynolds or DHCS actually deprived him of any rights:  he acknowledges that the trial court denied the vexatious litigant motion and that the underlying litigation continued for more than another year until summary judgment was entered.  As Plummer did not establish any actual deprivation of his rights under the Constitution or laws of the United States, he did not establish a probability of success on his section 1983 claim.

### C.    Plummer's Arguments

Plummer contends that the trial court erred in determining that he did not provide evidence demonstrating that he had a reasonable probability of success on his section 1983 claim, specifically that the trial court "failed to identify and resolve all of the conflicting issues embedded in competing activities which are constitutionally protected as mentioned in the appellant's complaint," specifically the first three pages of his complaint.  We have reviewed the pages of the complaint to which Plummer directs us, and see that these pages contain the caption of the action, a two-paragraph statement of the case, allegations concerning jurisdiction and venue, and a description of the plaintiff. These pages do not shed light on what Plummer believes are "conflicting issues embedded in competing activities which are constitutionally protected."  Plummer, moreover, has not supported his contention that the trial court erred in its conclusion that he had failed to establish a reasonable probability of success on the merits of his claims with any discussion of the evidence to support his argument.  "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.  [Citations.]  When a point

is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Next, Plummer asserts that section 425.16 was enacted to create a procedure in which the trial court "could evaluate cases as to their merits" and that it was intended as a procedural device for abating meritless litigation. In this section of his opening brief, Plummer does not assert, let alone demonstrate, any error by the trial court, and he has not offered any basis for a reversal with this passage.

In the next section of his argument on appeal, entitled, "Collective Burdens," Plummer sets forth a series of statements about the burdens of the litigants and the court in conjunction with a section 425.16 motion. Here again, Plummer does not connect these general statements of law to the facts of this case. An appellant must offer argument as to how the court erred, rather than citing general principles of law without applying them to the circumstances before the court. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699.)

Plummer argues in a fourth section of his argument that both the section 425.16 motion and his lawsuit are based on the constitutional rights to free speech and petition. He observes that neither the federal nor state constitution prioritizes one right over the other, and concludes that "With that in mind the courts should look at the interest, and the accompanying conduct, of the parties." The nature of the court's review of a section 425.16 motion, however, is well-established: the court first determines whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity, and if the court finds that such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. (*Navellier v. Sletten*, *supra*, 29 Cal.4th at p. 88.) Our de novo review follows the same course, and in this case it leads to the conclusion that the section 425.16 motion was properly granted.

In Plummer's section entitled, "Interest of the Parties," Plummer appears to be arguing against immunities, and contending that they frustrate his rights to petition for

6

redress of grievances and due process. Our resolution of the issues in this case, however, does not rest on immunities but on Plummer's failure to demonstrate a likelihood of success on the merits on his claims.

Finally, Plummer appears to attempt to expand the basis for his suit from the statements made in the vexatious litigant motion hearing to the fact that the motion was filed at all: he asserts that by seeking the vexatious litigant determination the defendants "disobeyed a court directive and initiated a malicious proceeding." Here, the directive to which Plummer refers is this court's ruling in *Plummer v. Coen*, *supra*, B213723, in which we reversed an earlier determination by the trial court that Plummer was a vexatious litigant. Plummer appears to understand our decision as establishing that he could never be found to be a vexatious litigant, as he asserts that "[t]he defendants motioned [*sic*] the trial court for a determination that had already been made at the appellate level in plaintiff's favor." This court, however, ruled that the vexatious litigant finding could not stand because the record supported fewer than the necessary number of adversely determined litigations; we did not preclude a later motion based on a sufficient number of adversely determined litigations. Plummer contends that there was no new evidence to support the motion, while Reynolds submitted evidence that his new motion was based on new adversely determined litigation. We cannot resolve this factual dispute because the moving papers and accompanying evidence are not in the record. Plaintiff has the burden of providing an adequate record, and his failure to do so requires that the issue be resolved against him. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) At any rate, Plummer's contention that the proceeding was malicious is an attempt to avoid the application of the litigation privilege found in Civil Code section 47. As our decision is not based on the litigation privilege, Plummer's argument does not establish any basis for reversal.

In his reply brief, Plummer argues that the defendants "failed to present a comprehensive argument that the appellant cannot prevail on his stated claims"; that affirming the trial court's order would result in a nullification of the appellate process; that the principle of separation of powers requires reversal; that the directions of the

7

judicial and legislative branches cannot be ignored; and that the defendants' arguments concerning immunities are not correct.[2] To the extent these arguments concern immunities, they are of no assistance to him, as Plummer cannot demonstrate a probability of success on the merits regardless of immunities. To the extent these arguments rely on this court's previous decision in *Plummer v. Coen*, *supra*, B213723, Plummer misunderstands the scope of that decision, as it does not preclude further vexatious litigant proceedings. Finally, to the extent that his arguments are based on a failure of the defendants to present evidence that he cannot prevail on his causes of action, Plummer misunderstands the burdens of proof in the anti-SLAPP context. Once the defendants demonstrated that Plummer's causes of action were based on constitutionally protected activity, the burden shifted to Plummer to demonstrate a probability of prevailing on his claims. (§ 425.16, subd. (b)(1).) As he failed to do so, the trial court properly granted the special motion to strike.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs, if any, on appeal.

ZELON, J.

We concur:

WOODS, Acting P. J.                    SEGAL, J.[*]

---

[2]    Plummer also argues that the *Noerr-Pennington* doctrine, raised by respondents in their brief, does not apply here. As we resolve the issues in this case without reference to that doctrine, we need not evaluate whether it may be applied here.

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.