Filed 6/15/15  Kelly v. The Los Angles Transition Center CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| DOUGLAS B. KELLEY, et al. | B250313 |
| Plaintiffs and Respondents, | |
| v. | (Los Angeles County Super. Ct. No. BC435056) |
| THE LOS ANGELES TRANSITION CENTER, et al. | |
| Defendants and Appellants. | |

APPEAL from a judgment in the Superior Court of Los Angeles County, Mary Strobel, Judge.  Affirmed.

Law Office of Philip Deitch and Philip Deitch, for Defendants and Appellants.

Christman, Kelley and Clarke, Matthew M. Clarke and Matthew N. Mong, for Plaintiffs and Respondents.

_____

In this appeal from a judgment enforcing a settlement agreement, defendants and appellants The Los Angeles Transition Center, Inc., and its related entities challenge the determination of the trial court that entry of judgment was appropriate. Finding that substantial evidence supports the factual findings of the trial court, we affirm.

## FACTUAL AND PROCEDURE BACKGROUND

Respondents Douglas B. Kelley, The Kelley Company, LLC, and Douglas Kelley as Trustee of The Doug and Kathy Kelley Family Trust ("Kelley") were involved in litigation beginning in 2010 with The Los Angeles Transition Center, Inc., Henry B. Zachary, and Transitional Ministry of Christ, Inc. DBA Helping Hands Counseling Clinic ("LATC"). In February, 2011, all parties executed a written settlement agreement to resolve the litigation. In return for a dismissal of all litigation with prejudice, and releases, LATC agreed to the following, along with other non-financial terms: 1. To pay Kelley $25,000, in $5000 monthly increments, with the last payment due by June 1, 2011; 2. To transfer three motor vehicles, the first of which was a Lincoln Continental to be transferred within 7 days, and the others to be designated at a later time; and 3. To make an additional payment of $350,000, interest free, within three years, with credit to be given against that sum for monies received by Kelley for referrals to its treatment programs by LATC. The settlement was expressly made enforceable pursuant to Code of Civil Procedure section 664.6.[1]

In October 2012, Kelley filed a motion to enforce the settlement and enter judgment, asserting that LATC had paid only $9000, had made no payments since May 2011, and had neither made referrals nor transferred title to any vehicles. LATC opposed the motion, asserting that the terms of the settlement were severable, and that Kelley had breached the settlement agreement by failing to accept clients who were unable to pay at least $500 per month for services. LATC also included the declaration of Michael Mendoza, a court liaison responsible for making drug-alcohol referrals, who stated that, on Zachary's recommendation, he had approved the Kelley programs for referral in early

---

[1]    All further statutory references are to the Code of Civil Procedure.

2

2011, and began to make referrals, but that after some period the program indicated it would only accept SSI, and not general relief, clients as referrals. In Kelley's reply, it included a declaration from Al Smith, the director of the program from November 2011 until January 2013. In that declaration, he stated that the policy of only accepting clients who could pay $500 per month began in his tenure.

The court heard the matter on March 12, 2013 and granted the motion to enforce the settlement. The court concluded that the settlement agreement was an indivisible contract, and that LATC had materially breached the contract, by failing to pay the remainder of the $25,000 and failing to transfer the vehicles. The court further found that there was no evidence any actual referrals had been made to Kelley, and that, in any event, any obligation to accept referrals had been excused by LATC's breach.

Over LATC's objection, the court entered the judgment on April 12, 2013. LATC then moved for reconsideration, attaching to its motion an additional declaration by Mendoza. In this supplemental declaration, Mendoza added information not included in his original declaration, including: referrals ceased because of the refusal to accept general relief clients; prior to that refusal, a number of referrals were made, listing four between March 10, 2011 and October 14, 2011; and Mendoza believes that he made other referrals, as did other court liaisons. After a hearing on June 20, 2013, the court denied the motion, finding that LATC had not satisfied the requirements of section 1008 because it failed to present any new or different facts or law. The court further found that, even were it to consider the Mendoza supplemental declaration, it did not demonstrate that any refusal to accept a referral came before LATC's breach of the agreement. LATC timely appealed.

### DISCUSSION

On appeal, LATC asserts that the court erred because the agreement was a divisible contract, Kelley breached the contract by failing to accept certain referrals, and that Kelley's breach precludes recovery of the $350,000 payment owing under the contract. The trial court did not err.

3

### 1. The Standard of Review

We review the trial court's determinations on a motion under section 664.6, to the extent they are questions of fact, for substantial evidence. We review any legal rulings de novo. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 815; *Gauss v. GAF* (2002) 103 Cal.App.4th 1110, 1116.)[2]

### 2. The Agreement Was Not A Divisible Contract

LATC argues that the $25,000 payment, the vehicle transfers, and the $350,000 payment were each separate and independent obligations and that, as a result, the breach of one was not a breach of either of the others. The case on which LATC relies, *World Sav. & Loan Assn. v. Kurtz Co.* (1960) 183 Cal.App.2d 319, rejected the claim of appellant there that the contract at issue was divisible. The court held that the issue to be determined in such a case is whether the consideration for the contract is single, or apportioned. If the consideration is not apportioned, and there is no basis to determine an apportionment, then the contract is not divisible, even if the payment is to be made in installments. (*Id.* at 327-328.; see also *Filet Menu, Inc. v. C.C.L. & G., Inc.* (2000) 79 Cal.App.4th 852, 860 [citing *Kurtz* for the definition of a divisible contract.]) While LATC argues that its obligations are independent, and by their nature apportioned, they do not argue, and the court did not find, that the consideration for those payments—the dismissal of the litigation—was divisible in any manner. The trial court, also relying on *Kurtz*, found that the dismissal was Kelley's sole obligation, and that there was no evidence of any separate consideration for each of the payments and transfers. LATC points to no evidence that challenges this finding. The trial court did not err.

### 3. There Is No Evidence of Breach by Kelley

Without reference to any evidence other than the supplemental declaration of Mendoza, and without either legal or factual assertions as to why that declaration should

---

[2]    Appellant relies solely on *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465 for its position that the standard of review is de novo. *Price*, which was a summary judgment case, is not applicable to this case.

have been considered by the trial court, LATC asserts that it clearly established that Kelley breached the contract by limiting the referrals it would accept. In this regard, the trial court found, on the initial showing, that there was no evidence that any clients were referred, and that LATC's failure to make all of the initial $25,000 in payments excused Kelley from accepting any referrals or giving any credit against the $350,000 payment. There was no dispute that only $9,000 was paid, and no vehicles were transferred. Substantial evidence thus supports the trial court's finding.

On the motion for reconsideration, even had the trial court considered the supplemental declaration, that declaration did not demonstrate that any referrals were made before LATC breached. LATC obligated itself to make monthly payments against the $25,000, with the last payment to be made by June 1, 2011. LATC was also to transfer the first of the vehicles within seven days of the execution of the agreement, that is by February 11, 2011. Thus, by March 1, 2011, LATC was to have paid $10,000 and to have transferred a vehicle. It had paid $9,000. According to Mendoza, the first referral was on March 10— after LATC breached. In addition, according to the declaration of Smith, the policy of not accepting general relief clients was not in effect until after November 2011. All of the evidence before the court demonstrated that LATC materially breached the contract before any refusal of referrals took place.

LATC does not present any legal argument that the trial court erred as a matter of law by concluding that its breach excused Kelley's performance. It has, as a result, abandoned any argument on that ground. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)

Finally, LATC asserts, also without any assertion of legal authority, that Kelley's breach of its obligation to accept referrals bars its recovery of the $350,000 portion of the payments due. Merely stating a ruling was in error is insufficient to present an issue for review. "This is no legal analysis at all. It is simply a conclusion,

unsupported by any explanation" of asserted error.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 410.)  "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)

In any event, as there was neither a divisible obligation, nor any showing of breach, LATC cannot prevail on this argument.

**DISPOSITION**

The judgment is affirmed.  Respondents are to recover their costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


IWASAKI, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.