[No. H013458. Sixth Dist. Oct. 25, 1995.]

TERRY LANDRY, a Minor, etc., et al., Plaintiffs and Appellants, v.
BERRYESSA UNION SCHOOL DISTRICT, Defendant and Respondent.

694

COUNSEL

Jessie Serna for Plaintiffs and Appellants.

Rankin, Luckhardt, Vandeweghe, Landsness & Lahde and Michael C. Severian for Defendant and Respondent.

OPINION

ELIA, J.—In this action for assault and battery and negligence, the trial court denied the minor plaintiffs' request for trial preference (Code Civ. Proc., § 36, subd. (b)) and granted defendant school district's motion to dismiss for delay in prosecution. (Code Civ. Proc., §§ 583.410, 583.420.)[1] Plaintiffs appeal, contending their statutory entitlement to trial preference overrides the court's discretion to dismiss the action for delay in prosecution. Alternatively, they argue the court abused its discretion in dismissing their case and in denying their motion for reconsideration. Finally, they claim the five-year dismissal statute was tolled by the court's referral of the matter to arbitration. We find no error and affirm the judgment of dismissal.

[1]All further statutory references are to the Code of Civil Procedure unless otherwise specified.

*Procedural History*

Plaintiffs Maria and Terry Landry commenced this action December 15, 1989, when they were eight and nine years old, respectively. Both plaintiffs have Down's syndrome. According to their complaint, plaintiffs were sexually assaulted by two students during recess at their elementary school. Plaintiffs alleged physical and emotional injury arising from negligent supervision by school district employees and the perpetrators' parents.

Between April 1990, when defendant answered the complaint, and August 1991, the parties engaged in mutual discovery. In April 1992, after a seven-and-one-half-month period of inactivity, discovery resumed. After July 28, 1992, however, the case was dormant until June 23, 1993, when plaintiffs' counsel began settlement negotiations. Settlement discussions continued until April 14, 1994.

On July 27, 1994, plaintiffs filed their at-issue memorandum and a case management conference was scheduled for October 25, 1994. On August 17, 1994, plaintiffs moved to advance the case management and trial setting date. Plaintiffs asserted that they were minors under the age of 14 and therefore entitled to mandatory trial preference under section 36, subdivision (b). Defendant responded by filing a motion for discretionary dismissal of the action pursuant to section 583.410 and section 583.420, subdivision (a)(2). According to defendant, plaintiffs had failed to exercise diligence in bringing the case to trial, and dismissal would appropriately remove this case from the court's overcrowded calendar.

After hearing argument on both motions, the trial court denied plaintiffs' motion to advance and granted defendant's motion to dismiss. After unsuccessfully moving for reconsideration, plaintiffs filed this appeal.

*Discussion*

1. *Effect of Trial Preference Status on Discretion to Dismiss*

■ Plaintiffs renew their contention that the mandatory language of section 36, subdivision (b), entitled them to preferential trial setting and prevented the trial court from dismissing their action under section 583.410 and section 583.420, subdivision (a)(2). Generally, a trial court may dismiss an action for delay in prosecution "if to do so appears to the court appropriate under the circumstances of the case." (§ 583.410, subd. (a).) Section 583.420, subdivision (a)(2), more specifically conditions such dismissals on the time that has elapsed since inception of the action. Thus, discretionary

dismissal is permitted when the action has not been brought to trial within "(A) Three years after the action is commenced against the defendant unless otherwise prescribed by rule under subparagraph (B). [¶] (B) Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribes for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice." California Rules of Court, rule 373(e), sets forth the factors a court must consider in determining the motion.

Section 36 also is concerned with the advancement of a case to trial, but more specifically, it gives certain litigants priority in the disposition of their cases. Thus, section 36, subdivision (a), grants preference to a party over the age of 70 if he or she has a substantial interest in the action and if, because of the state of his or her health, preference is necessary to avoid prejudice to the party's interest in the action. Subdivision (b), the provision at issue in this case, similarly grants preference to litigants under the age of 14 if they have a substantial interest in the case.[2] Section 36 further provides for discretionary grants of preferential status in the interests of justice when it appears that a party may not live beyond six months. (§ 36, subd. (d).) Finally, a catchall provision in subdivision (e) of this section enables the court to grant a motion for preference upon a showing of cause which demonstrates that such preference will serve the interests of justice.

Plaintiffs take the position that because section 36, subdivision (b) is mandatory, it divests the trial court of its discretion to dismiss the case under sections 583.410 and 583.420. We disagree.

The Legislature has determined that certain classes of litigants—those over 70 with health problems and those under 14 who have suffered personal injury or parental death—should be ensured timely access to the courts. There is no question that this is a legitimate state purpose. (*Peters* v. *Superior Court* (1989) 212 Cal.App.3d 218, 226 [260 Cal.Rptr. 426].) Like subdivision (a), subdivision (b) is mandatory; accordingly, as plaintiffs point out, the trial court does not have discretion to deny trial preference to a party under 14 who has a substantial interest in the litigation. (*Id.* at p. 224.) But this rule was never intended to eviscerate the discretionary dismissal provisions of sections 583.410 and 583.420. The underlying assumption behind

---

[2]Section 36, subdivision (b), provides: "A civil action to recover damages for wrongful death or personal injury shall be entitled to preference upon the motion of any party to the action who is under the age of 14 years unless the court finds that the party does not have a substantial interest in the case as a whole. A civil action subject to subdivision (a) shall be given preference over a case subject to this subdivision."

section 36 is that the plaintiff has diligently engaged in preparation for trial or settlement; in those circumstances the plaintiff clearly is entitled to priority based on his or her age. Where the plaintiff has been dilatory in efforts to move the case along, however, the trial court retains jurisdiction to dismiss under section 583.410 et seq.

Section 36 should not be cast in opposition to the statutes providing for dismissal, but instead be viewed as consistent with the Legislature's overall interest in promoting the orderly and fair administration of justice. To negate the court's discretion to dismiss based solely on section 36, subdivision (b) would only invite abuse of trial preference status, enabling an attorney for a young plaintiff to let the plaintiff's case languish and then demand trial priority when the five-year mandatory dismissal deadline is imminent. The Legislature could not have anticipated such an incongruous result when it determined that litigants under 14 years of age deserved to have their cases heard before other civil actions.

The decisions on which plaintiffs rely do not convince us otherwise. *Peters* v. *Superior Court, supra,* 212 Cal.App.3d 218, which recognized the mandatory nature of section 36, subdivision (b), did not address the interaction between this provision and the statutes governing discretionary dismissal. Likewise, the appellate court in *Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81 [185 Cal.Rptr. 853], and *Koch-Ash* v. *Superior Court* (1986) 180 Cal.App.3d 689 [225 Cal.Rptr. 657], in considering the mandatory trial preference for a party over the age of 70 (§ 36, subd. (a)), did not discuss the preference in light of a plaintiff's delay in prosecution.

Plaintiffs, however, point to language in *Rice* and *Koch-Ash* suggesting that trial preference must be accorded a plaintiff who qualifies under section 36, subdivision (a) "irrespective of the circumstances leading to the motion for preference." (*Rice* v. *Superior Court supra,* 136 Cal.App.3d at p. 84; accord, *Niesner* v. *Kusch* (1986) 186 Cal.App.3d 291, 299 [230 Cal.Rptr. 613].) As the court explained in *Koch-Ash,* "We held in *Rice* that section 36 is mandatory and absolute in its terms and is unaffected by such tactical maneuvering by plaintiff's counsel." (*Koch-Ash* v. *Superior Court, supra,* 180 Cal.App.3d at p. 698.) But the court in both *Rice* and *Koch-Ash* was concerned with defense attempts to undermine a legitimate and timely request for trial preference; both cases merely reinforced the point that "*as to section 36 matters,* no discretion is left to trial courts." (*Koch-Ash* v. *Superior Court, supra,* 180 Cal.App.3d at p. 694, italics added.) Any broader interpretation of *Rice* and *Koch-Ash* to suggest section 36 divests the trial court of its discretion to dismiss for delay in prosecution is, in our view, mistaken.

## 2. *Abuse of Discretion*

■   Alternatively, plaintiffs argue the trial court abused its discretion in granting defendant's motion to dismiss. ■   The motion, however, was addressed to the trial court's sound discretion, and its determination will not be reversed absent a showing of manifest abuse resulting in a miscarriage of justice. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58].) Such abuse of discretion is generally considered to be demonstrated when the trial court has exceeded the bounds of reason. (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478 [243 Cal.Rptr. 902, 749 P.2d 339].) We must presume the trial court's order was correct, and it is the plaintiff's burden to overcome that presumption and establish a clear abuse of discretion. (*Blank* v. *Kirwan, supra,* 39 Cal.3d at p. 331; *Trailmobile, Inc.* v. *Superior Court* (1989) 210 Cal.App.3d 1451, 1455 [259 Cal.Rptr. 100].)

■   It is true, as plaintiffs point out, that the policy favoring trial on the merits is generally preferred over termination of a case on procedural grounds. (§ 583.130.) "But that principle cannot be indiscriminately applied so as to render impotent the provisions of section 583.420. The statutory provisions permitting discretionary dismissal when the plaintiff is not diligent in prosecuting the action serve the dual purpose of discouraging stale claims and expediting the administration of justice. [Citations.]" (*Trailmobile, Inc.* v. *Superior Court, supra,* 210 Cal.App.3d at p. 1455.) Thus, the policy favoring resolution on the merits will be applied only after the plaintiff has made "*some* showing of excusable delay" (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 562-563 [194 Cal.Rptr. 773, 669 P.2d 9]) and has demonstrated dismissal would effect a miscarriage of justice. (*Dubois* v. *Corroon & Black Corp.* (1993) 12 Cal.App.4th 1689, 1695 [16 Cal.Rptr.2d 719].)

■   Plaintiffs attempted to show excusable delay by arguing that ongoing settlement discussions were taking place. They also suggested that defendant should be estopped from obtaining dismissal because it had attempted to "lull the plaintiffs into a false sense of security by leading the plaintiffs to believe that settlement was possible, knowing that the five year statute was fast approaching."

The trial court did not make express findings on the credibility and reasonableness of these explanations. Because such express findings are not required, we presume the court followed the law in making its determination (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 563), including a consideration of the criteria set forth in California Rules of

Court, rule 373(e). (§ 583.410.) Among those criteria are the extent and status of settlement discussions, the parties' diligence in pursuing discovery, and the interests of justice.[3]

The trial court evidently was not convinced by plaintiffs' excuses. Notwithstanding plaintiffs' claims of diligent discovery efforts, they allowed seven and one-half months to go by without activity on the case. The settlement discussions on which plaintiffs claimed to have relied did not commence until June 23, 1993, after an 11-month delay.[4] Plaintiffs' age, which was asserted as "good cause" for preferential trial status, was a further consideration weighing against unnecessary delay.[5] In light of these circumstances, we cannot say the trial court exceeded the bounds of reason when it dismissed plaintiffs' action for delay in prosecution.

Plaintiffs further claim the trial court abused its discretion by denying their motion for reconsideration. However, plaintiffs fail to offer argument as to why the court's rejection of their asserted "new facts" was beyond the bounds of reason, citing only general principles governing such motions without applying those principles to the circumstances before the court. ■ When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is

---

[3]Rule 373(e) provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

[4]In their opposition to the dismissal motion, plaintiffs submitted a declaration from their attorney explaining that during this 11-month period she was waiting to hear from defense counsel regarding further depositions and a medical examination of plaintiffs. In the meantime, burdened with a heavy caseload, she was occupied with several trials. Relying on defendants' lack of activity, she believed they might be interested in settlement and eventually engaged another attorney to initiate that process.

[5]In their motion for reconsideration, plaintiffs' counsel stated that according to their mother, plaintiffs would have suffered "emotional hardship" if they had tried to testify earlier. In July of 1994, however, she advised plaintiffs' counsel that plaintiffs "were better, and that they should testify as soon as possible because her oldest daughter had moved out, and it would be wise to set the matter for trial so that the daughter would still be able to assist the children in their testimony." This information, along with the lack of progress in settlement negotiations, led plaintiffs' counsel to request an early trial date.

unnecessary. (*Berger* v. *Godden* (1985) 163 Cal.App.3d 1113, 1120 [210 Cal.Rptr. 109]; *Jimmy Swaggart Ministries* v. *State Bd. of Equalization* (1988) 204 Cal.App.3d 1269, 1294 [250 Cal.Rptr. 891].) ▮ We therefore reject plaintiffs' claim of abuse of discretion in this instance.

### 3. *Tolling by Arbitration*

Plaintiffs finally contend that the five-year period for prosecuting their action was tolled when the matter was sent to arbitration. This contention suffers from the same defect as the previous claim—a broad assertion of error without argument or application of the law to the facts. In addition, plaintiffs fail to refer this court to pertinent parts of the record containing the assertion and disposition of this issue in the trial court. We therefore have no factual basis on which to review plaintiffs' claim of error.

### *Disposition*

The judgment is affirmed.

Premo, Acting P. J., and Mihara, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 15, 1996. Mosk, J., was of the opinion that the petition should be granted.