Filed 1/21/14  Wells Fargo Bank v. Terry CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WELLS FARGO BANK, N.A., | B243944 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. TC026191) |
| BRIAN TERRY et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William P. Barry, Judge.  Affirmed.

Brian Terry, in pro. per., for Defendants and Appellants.

Law Offices of Glenn H. Wechsler, Glenn H. Wechsler and Jeffrey D. Kirk for Plaintiff and Respondent.

_____

Defendant and appellant Brian Terry (Terry), who is in propria persona, appeals from the default judgment entered in favor of plaintiff and respondent Wells Fargo Bank, N.A. (Wells Fargo).[1] We affirm on the ground that Terry has failed to meet his burden on appeal to affirmatively show trial court error.

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." It is well-established that "'[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) The opening brief contains only a single citation to the record. Because Terry has failed to provide the necessary citations to support his arguments, we deem his arguments to be forfeited.

Additionally, California Rules of Court, rule 8.204(a)(1)(B), requires that each point in an appellate brief be supported by argument and, if possible, by citation of authority. Although Terry does provide some citations to legal authorities, mostly federal law, he fails to apply the cited law to the facts of this case in any coherent manner. Terry's arguments, which essentially accuse the trial court and Wells Fargo's counsel of improper behavior, are largely unintelligible and fail to affirmatively demonstrate that the

---

[1] The opening brief repeatedly asserts that Terry is a general partner of appellant Eternal Tenth World Light Associates, L.P., whose default was also taken.

Wells Fargo is a successor by merger to Wachovia Mortgage Bank, F.S.B., formerly known as World Savings Bank, F.S.B., a successor by merger to World Savings and Loan Association, a federal savings and loan association.

2

trial court erred. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700.) Accordingly, as a consequence of Terry's failure to properly present his arguments on appeal, we deem his contentions to be forfeited, and do not address them. (*Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 165.)

The fact that a party has been representing itself does not exempt it from these mandatory appellate requirements. Litigants appearing in propria persona are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure and are held to the same standards as a litigant represented by counsel. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Nwosu v. Uba, supra,* 122 Cal.App.4th at pp. 1246–1247.)

## DISPOSITION

The judgment is affirmed. Wells Fargo is entitled to recover its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                  ASHMANN-GERST

We concur:


_____, P. J.
        BOREN


_____, J.*
        FERNS

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.