Filed 9/22/14  Harvey v. Ridgecrest Community, LLC CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RICHARD HARVEY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RIDGECREST COMMUNITY, LLC et al.,<br><br>    Defendants and Respondents. | D061998<br><br><br>(Super. Ct. No.<br> 37-2008-00100087-CU-PA-EC) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Richard Harvey, in pro. per., for Plaintiff and Appellant.

Shewry & Van Dyke, Michelle Van Dyke, Christopher C. Saldana; Grant, Genovese & Baratta, Christopher S. Dunakin, Lance D. Orloff and James P. Baratta, for Defendants and Respondents.

INTRODUCTION

The trial court entered judgment in favor of respondents Ridgecrest Community, LLC and Baldwin Pacific Group Corporation against Richard Harvey. Although the complaint is not in the record, it appears that Harvey filed this action seeking to recover damages for personal injuries that he claims to have suffered after being struck by a vehicle driven by respondents' agent, Dennis Hanson. The matter was referred to a judicial referee pursuant to Code of Civil Procedure section 638,[1] and the referee held a nine-day hearing on the matter. At the conclusion of the hearing, the referee issued a statement of decision in favor of respondents. The trial court adopted the statement of decision and entered judgment in favor of respondents.

On appeal, Harvey, acting in propria persona, filed a largely incomprehensible brief. Harvey's brief lacks any cognizable legal argument, contains numerous references

---

[1] Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure. Section 638 provides in relevant part:

> "A referee may be appointed upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes, or upon the motion of a party to a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee if the court finds a reference agreement exists between the parties:

> "(a) To hear and determine any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision."

to evidence presented at the hearing without any explanation as to the relevance of such evidence, and refers to materials not before this court. Accordingly, we conclude that Harvey has failed to demonstrate that the trial court committed any reversible error.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

It appears that Harvey filed a complaint against respondents in which he claimed that on May 24, 2007, respondents' agent, Hanson, was driving a vehicle and struck Harvey while Harvey was walking in the street.

Pursuant to section 638 and a provision in a lease entered between Harvey and respondents,[2] the matter was referred to a judicial referee. The referee held a nine-day hearing on the matter and issued a statement of decision in favor of respondents. In the statement of decision, the referee found as follows:

> "Mr. Dennis Hanson was an ostensible agent of [respondents] as of May 24, 2007 in view of his activities on the premises of this park and the degree of knowledge and acquiescence to his participation in management activities and his identification on park documents by [respondents].
>
> "[¶] . . . [¶]
>
> "Plaintiff Richard Harvey did not[,] by a preponderance of the evidence[,] carry his burden to prove that either he was hit by the vehicle driven by Dennis Hanson . . . or that any contact that he may have had with the vehicle caused any personal injuries to his person requiring medical treatment and damages . . . ."

---

[2] It appears from the record that respondents own a mobilehome park and that Harvey is tenant in the park.

In April 2012, pursuant to section 644, subdivision (a),[3] the trial court entered judgment in favor of respondents based on the referee's statement of decision.

Harvey timely appeals.

## III.

## DISCUSSION

*Harvey has not demonstrated that the trial court committed reversible error*

Harvey claims that the trial court erred in entering judgment in favor of respondents. It is difficult to discern the precise nature of Harvey's claim or claims from his brief. However, certain fundamental rules of appellate practice govern our consideration of Harvey's appeal.

Most fundamentally, "As with any civil appeal, we must presume the judgment is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the judgment." (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.)

In order to defeat this presumption and obtain a reversal of a judgment, an appellant must comply with several basic rules. Compliance with such rules is necessary in order for this court to meaningfully perform its role as a reviewing court. To the extent

---

3    Section 644, subdivision (a) provides, "In the case of a consensual general reference pursuant to Section 638, the decision of the referee or commissioner upon the whole issue must stand as the decision of the court, and upon filing of the statement of decision with the clerk of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court."

4

that an appellant's brief fails to comply with these fundamental rules, this court is required to employ the presumption of correctness and affirm the judgment.

It is not this court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. Rather, an appellant is required to present a cognizable legal argument in support of reversal of the judgment. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) "Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, [they are] . . . waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) Further, an appellant is required to explain the relevance of facts cited in his brief. This court is not "obligate[d] . . . to cull the record for the benefit of the appellant." (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

An appellant is also required to provide *proper* citations to the record, by citing to "either the clerk's or reporter's transcript." (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1258, fn. 12 [noting brief did not comply with Cal. Rules of Court, rule 8.204(a)(1)(C) in that it failed to contain "proper citations to the appellate record"].) Further, to the extent that an appellant wants this court to review arguments premised on exhibits offered at trial, the appellant must request that the exhibits be transmitted to this court. (See Cal. Rules of Court, rule 8.224.)

5

Harvey's brief fails to comply with these basic rules. As noted, Harvey's brief lacks any cognizable legal argument. For example, Harvey summarizes his legal argument, in part, as follows:

"Summary of Argument

"The fact that Mr. Harvey was hit by the Hanson vehicle. The dent in the front license plate is the undisputed physical evidence of that fact, exhibit 5. Patsy and Dennis Hanson was not driving home from Vons like they said. Their supplement says different that was given to Highway Patrol. CHP 07-05-0278, page 2, paragraph 2 - enclosed a copy of the envelope that the inspection report was given to Mr. Harvey, which he received less than 30 minutes prior to the incident. Mr. Harvey deposition page 11, Line 2, 3 and 4 saw Dennis and Patsy leaving office, page 25, line 17 and 18, line 20 thru 24.

"Concerning documents to bring to their deposition: Exhibit A. Exhibit 8-27 and 9-22 schedule of documents to be produced at deposition of Dennis and Patsy Hanson. They did not produce these documents at their depositions. Exhibit 9-4, page 1, line 14, 15, and 16, of Patsy deposition. She says -- No, there's no document to bring. Dennis Hanson said page 14, line 8 and 9 -- If I didn't bring them, we don't have them. In Patsy and Dennis Hanson's office at Ridgecrest there are file cabinets with a file of all the residents in the park. Patsy and Dennis Hanson were required to bring documents to their deposition.

"On October 17, 2011 received for the first time the letter from Mr. Saladana concerning polygraphs of his clients. This is beyond the scope of his case-in-chief, he effectively rested already by agreeing to our closing arguments on Wednesday, 19 October, 2011. This was past the evidence procedure."[4]

In addition, as the quotation above suggests, Harvey's brief contains numerous references to evidence that is purportedly in the record, without any coherent explanation

_____

[4]    Aside from altering the formatting, we have reprinted the first several paragraphs of Harvey's "Summary of Argument" exactly as they appear in his brief.

as to the relevance of such evidence to Harvey's appeal.  Harvey's brief is also replete with citations that fail to comply with the California Rules of Court.  Further, Harvey's brief includes many references to trial exhibits that Harvey has failed to transmit to this court.

In sum, Harvey has failed to present this court with a brief that provides a legal or factual basis for reversing the trial court's judgment.  Harvey "is not exempt from the . . . rules [of appellate procedure] because he is representing himself on appeal in propria persona.  Under the law, a party may choose to act as his or her own attorney.  [Citations.]  '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.  [Citation.]' "  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

To the extent that Harvey's brief may be read as contending that there is insufficient evidence in the record to support the judgment, we note that Hanson testified that his vehicle did not make contact with Harvey.  In addition, an investigating law enforcement officer testified that he had concluded that Hanson's vehicle had not struck Harvey.  While Harvey contends that these witnesses "lied," this court does not make credibility determinations on appeal (see, e.g., *In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1175) or reweigh the evidence (see, e.g., *Quintanilla v. Dunkelman* (2005) 133 Cal.App.4th 95, 113).  Rather, we " 'determine whether, after resolving all conflicts favorably to the prevailing party, and according the prevailing party the benefit of all reasonable inferences, there is substantial evidence to support the judgment.' "

(*Ibid.*)  That is because, "When a judgment is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the judgment." (*Id.* at p. 114.)  Thus, even assuming that Harvey's appeal was sufficiently comprehensible to enable us to consider his claims on the merits, Harvey has failed to demonstrate that the record lacks substantial evidence to support the judgment.

Accordingly, we conclude that because Harvey has failed to adequately raise any trial error requiring reversal and has not demonstrated that the record lacks substantial evidence to support the judgment, the judgment must be affirmed.

IV.

DISPOSITION

The judgment is affirmed.  Harvey is to bear costs on appeal.

AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

NARES, J.

8