Filed 8/31/15  Vescomb v. Newcomb CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| DAVID M. VESCO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TAWNE MICHELE NEWCOMB,<br><br>    Defendant and Appellant. | 2d Civil No. B252548<br>(Super. Ct. No. 56-2010-00384846-<br>CU-OR-VTA)<br>(Ventura County) |
| TAWNE MICHELE NEWCOMB,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DAVID M. VESCO,<br><br>    Defendant and Respondent. | 2d Civil No. B255816<br>(Super. Ct. No. 56-2012-00415972-<br>CU-OR-VTA)<br>(Ventura County) |

Tawne Michele Newcomb appeals a judgment entered in favor of David M. Vesco following a court trial.  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

In 1987, Vesco, a medical doctor, and Newcomb, a pharmaceutical representative, met at a Michigan hospital where they were employed. They began dating and later moved to Southern California.

In 1992, Vesco purchased a home located at 3190 Toulouse Circle in Thousand Oaks. The following year, Vesco and Newcombe moved there and eventually had two children. Vesco held title to the property as a single man and paid the mortgage, property taxes, and homeowner's insurance from his earnings as a physician. He maintained a separate bank account and separate credit cards, and did not commingle his assets with Newcomb. Vesco and Newcomb also filed separate income tax returns.

In 1989, Vesco started an immediate-care medical clinic in Calabasas. Newcomb worked at the clinic and was paid as an employee. She did not have an ownership interest in the medical clinic or in Vesco's medical practice. Newcomb maintained her own bank account and, at times, was employed by other employers.

In 1999, Vesco received notice of a potential lawsuit against him based upon a patient's death. Upon the advice of an attorney, Vesco transferred title to the Thousand Oaks home to Newcomb, with the understanding that she would reconvey the property to him upon his request. A malpractice lawsuit was not filed, however, and Vesco later demanded that Newcomb reconvey the property. She refused and asserted that the property was a gift.

In 2010, the parties' relationship deteriorated and Vesco moved into an apartment. Newcomb and the children continued to live at the Thousand Oaks home, and Vesco continued to pay the mortgage, property taxes, and property insurance. He testified that he paid the property expenses "to give stability to [his] children."

On November 4, 2010, Vesco filed a verified complaint alleging causes of action for breach of contract, constructive trust, and resulting trust. He alleged that Newcomb breached an oral agreement to reconvey the Thousand Oaks property upon his request. (*Vesco v. Newcomb* (Super. Ct. Ventura County, No. 56-2010-00384846).) In

2

2012, Newcomb then filed a complaint alleging causes of action for breach of contract, fraud, and a claim pursuant to *Marvin v. Marvin* (1976) 18 Cal.3d 660, 674 [nonmarital parties may agree to pool their earnings and hold property acquired during their relationship according to laws regarding community property]. (*Newcomb v. Vesco* (Super. Ct. Ventura County, No. 56-2012-00415972).) The trial court consolidated the two actions for trial.

Following a court trial, the court decided that Vesco acted to defraud a potential creditor when he transferred title to the Thousand Oaks property to Newcomb. (Civ. Code, § 3439.04, subd. (a).) The court concluded that Vesco had unclean hands and it entered judgment in favor of Newcomb. (*Vesco v. Newcomb*, *supra*, No. 56-2010-00384846.) The court then decided that Newcomb did not establish her contractual, fraud, or *Marvin* claims, and it entered judgment in favor of Vesco. (*Newcomb v. Vesco*, *supra*, No. 56-2012-00415972.)

Newcomb, in propria persona, appeals the judgment denying her *Marvin* claims, among others. Vesco does not respond.

### DISCUSSION

An appellant must affirmatively demonstrate error and show such error by citation to the record and any supporting authorities. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 126.) In other words, review is limited to issues that have been adequately raised and briefed. (*Ibid.*) A reviewing court need not furnish argument or search the record to ascertain whether support for appellant's contentions exists. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) "One cannot simply say the court erred, and leave it up to the appellate court to figure out why." (*Ibid.*) Contentions that are raised without supporting authorities and citations to the record may be deemed abandoned. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699.)

These rules apply equally to parties represented by counsel and parties appearing in propria persona. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) A party appearing in propria persona "'is to be treated like any other party and is entitled

to the same, but no greater consideration than other litigants and attorneys.'"  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 ["pro. per. litigants must follow correct rules of procedure"].)

       *Marvin v. Marvin*, *supra*, 18 Cal.3d 660, 674, held that nonmarital partners may expressly or impliedly agree to pool all or part of their earnings and hold title to property according to the laws of community property.  The burden rested upon Newcomb to establish her contractual claims pursuant to a *Marvin* theory.  Viewing the evidence in light of the judgment, the trial court properly found that the parties had no express or implied agreement to pool earnings or hold property jointly or in common.  (*Whitney v. Montegut* (2014) 222 Cal.App.4th 906, 912 [general rule of sufficiency of the evidence to support a factual determination].)

       The judgment is affirmed.  Newcomb shall bear costs on appeal.

       <u>NOT TO BE PUBLISHED.</u>



                    GILBERT, P. J.


We concur:



       YEGAN, J.



       PERREN, J.


4

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Tawne Michele Newcomb, in pro. per., for Appellant.

No appearance for Respondent.