Filed 8/31/15  Newcomb v. Vesco CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| TAWNE MICHELE NEWCOMB,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>DAVID M. VESCO,<br><br>  Defendant and Respondent. | 2d Civil No. B254009<br>(Super. Ct. No. D342814)<br>(Ventura County) |

Tawne Michele Newcomb appeals an order of the family law court imposing $20,000 sanctions pursuant to Family Code section 271, and $69,364.91 reimbursement expenses in favor of David M. Vesco.  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*[1]

In 1987, Vesco, a medical doctor, met Newcomb, a pharmaceutical representative, at a Michigan hospital where they were employed.  Vesco was then married but separated from his wife.  Vesco and Newcomb began dating and later moved to Southern California.

In 1992, Vesco purchased a home located at 3190 Toulouse Circle in Thousand Oaks.  The following year, Vesco and Newcomb moved there and eventually had

---

[1] We take judicial notice of the appellate record in the pending appeal, *Vesco v. Newcomb*, Case No. B252548 (consolidated by prior order with Case No. B255816).  (Evid. Code, §§ 452, subd. (d), 459.)

two children. Vesco held title to the property as a single man and paid the mortgage, property taxes, and homeowner's insurance from his earnings as a physician. He maintained a separate bank account and separate credit cards, and did not commingle his assets with Newcomb. Vesco and Newcomb also filed separate income tax returns.

In 1989, Vesco started an immediate-care medical clinic in Calabasas. Newcomb worked at the clinic and was paid as an employee. She did not have an ownership interest in the medical clinic or in Vesco's medical practice. Newcomb maintained her own bank account and, at times, was employed by other employers.

In 1999, Vesco received notice of a potential lawsuit against him based upon a patient's death. Upon the advice of an attorney, Vesco transferred title to the Thousand Oaks home to Newcomb, with the understanding that she would reconvey the property to him upon his request. A malpractice lawsuit was not filed, however, and Vesco later demanded that Newcomb reconvey the property. She refused and asserted that the property was a gift.

On February 7, 2000, Vesco petitioned a sister-state to dissolve his longstanding marriage. On September 19, 2000, the sister-state court entered a default judgment dissolving the marriage.

In 2010, the parties' relationship deteriorated and Vesco moved into an apartment. Newcomb and the children continued to live at the Thousand Oaks home, and Vesco continued to pay the mortgage, property taxes, and property insurance. He testified that he paid the property expenses "to give stability to [his] children."

On December 22, 2010, Newcomb, represented by counsel, filed a dissolution of marriage petition. The petition stated that she and Vesco had married on July 29, 1987, and that there were two minor children of the marriage. In a declaration filed later, Newcomb stated that she and Vesco had married in 1987 in Michigan; in a church in the Virgin Islands during their 1987 honeymoon; in a church in Los Angeles on February 14, 2000; and again in a church in Los Angeles on September 28, 2000. Vesco responded and disputed the existence of any valid marriage to Newcomb.

2

The family law court then held a contested hearing regarding the issue. Vesco testified that there were no official marriage licenses or documents memorializing any of the ceremonies with Newcomb. Newcomb testified and admitted that there were no licenses for the 1987 ceremonies.

Following trial, the court decided that Newcomb "failed to carry her burden of proof to establish there was ever a marriage, that there was ever a valid ceremonial marriage or civil marriage, or that the parties lived together in a state that recognizes common law marriage." The court found as a matter of law that the parties were never married and there existed no basis to find a marriage by estoppel. The court then dismissed Newcomb's dissolution of marriage action.

On September 26, 2013, Vesco filed a motion for reimbursement of mortgage payments and taxes as well as sanctions pursuant to Family Code section 271.[2] On November 6, 2013, the parties argued the motion. Newcomb appeared in propria persona. Following argument, the family law court ordered Newcomb to reimburse Vesco $69,364.91 for mortgage payments and taxes that he paid from December 1, 2011, through June 30, 2013. The court also ordered Newcomb to pay $20,000 sanctions for her actions "throughout the[] proceedings [that] were contrary to public policy favoring resolution, settlement and cooperation."

Newcomb, in propria persona, appeals the order. Vesco does not respond.

*DISCUSSION*

Newcomb challenges the calculation of the mortgage reimbursement amount as well as the amount of sanctions. She points out that Family Code section 270 requires the trial court to determine a party's ability to pay prior to imposition of sanctions.

An appellant must affirmatively demonstrate error and show such error by citation to the record and any supporting authorities. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 126.) In other words, review is limited to issues that have been adequately raised and briefed. (*Ibid.*) A reviewing court need not furnish argument or

---

[2] The record does not contain a copy of Vesco's motion or a transcript of the parties' argument on November 6, 2013.

search the record to ascertain whether support for appellant's contentions exists. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) "One cannot simply say the court erred, and leave it up to the appellate court to figure out why." (*Ibid.*) Contentions that are raised without supporting authorities and citations to the record may be deemed abandoned. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699.)

These rules apply equally to parties represented by counsel and parties appearing in propria persona. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) A party appearing in propria persona "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 ["pro. per. litigants must follow correct rules of procedure"].)

Here Newcomb has not provided an adequate record, including Vesco's motion for fees and sanctions, his supporting calculations, and the transcript of the parties' argument in the trial court. She also has not provided a record reflecting that she challenged Vesco's calculations of mortgage payments and taxes. Under the circumstances, we deem the issue forfeited and abandoned. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.*, *supra*, 39 Cal.App.4th 691, 699-700.)

The order is affirmed. Newcomb shall bear costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

William Q. Liebmann, Judge

Superior Court County of Ventura

_____

Tawne Michele Newcomb, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.