Filed 4/7/16  Loftus v. Powell  CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BARBARA E. LOFTUS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DIERDRE LOFTUS POWELL et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B266223<br>(Super. Ct. No. 56-2013-00443554-<br>PR-LS-OXN)<br>(Ventura County) |

Barbara E. Loftus appeals a judgment admitting the 2009 holographic will of Barbara Mary Loftus ("Decedent") to probate, and appointing Dierdre Loftus Powell as executor with full independent administration of estate powers.  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

Decedent died on July 27, 2013, survived by three adult daughters:  Barbara E. Loftus, Dierdre Loftus Powell, and Siobhan Loftus.[1]  Two adult children predeceased Decedent:  Diane Chapman and Michael Loftus.

Diane died on November 2, 2008.  Following her death, Decedent and Diane's former husband engaged in a will contest regarding Diane's various holographic wills.  On February 5, 2009, the parties entered into a settlement agreement dividing Diane's estate.

---

[1] We shall refer to the adult children by their first names, not from disrespect, but to ease the reader's task.

At the time of Decedent's death, Dierdre was caring for Decedent and managing her affairs. Decedent wrote a holographic will dated February 24, 2009, naming Dierdre as a beneficiary and the executor of her estate. The holographic will excluded Barbara as a beneficiary. Following Decedent's death, Barbara filed a petition contesting the validity of the holographic will. During the will contest proceedings, the probate court appointed the Ventura County Public Administrator to administer the estate. A deputy county counsel appeared in the litigation on behalf of the public administrator.

Following trial, the probate court admitted Decedent's February 24, 2009, holographic will to probate and appointed Dierdre as executor with full independent administration of estate powers. The court later denied Barbara's motion to vacate the judgment. Upon this much, the parties agree.

The appellate record does not contain a copy of Decedent's will, the pleadings filed in the probate court, minute orders, the statement of intended decision, the statement of decision, a reporter's transcript of trial, or an agreed or settled statement. To support her arguments, Barbara has filed copies of certain of the trial exhibits, in whole or in part.

Barbara, in propria persona, appeals and, among other things, contends that: 1) the statement of decision is legally insufficient because it does not explain the legal and factual basis for the trial court's decision; 2) sufficient evidence supports her claim that Decedent's will was procured by Dierdre's undue influence; 3) the trial court abused its discretion by appointing the public administrator during the litigation; 4) the public administrator's counsel lacked "standing" in the litigation; 5) insufficient evidence exists that the holographic will was duly executed; and, 6) Dierdre breached her fiduciary duty to the estate by making gifts of estate funds to herself and her daughter. Dierdre, also in propria persona, has submitted a responsive brief.

*DISCUSSION*

An appellant must affirmatively demonstrate error and show such error by citation to the record and any supporting authorities. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 126.) In other words, review is limited to issues that have been adequately raised and briefed. (*Ibid.*) A reviewing court need not furnish argument or

2.

search the record to ascertain whether support for appellant's contentions exists.  (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)  "One cannot simply say the court erred, and leave it up to the appellate court to figure out why."  (*Ibid.*)  Contentions that are raised without supporting authorities and citations to the record may be deemed abandoned.  (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)

These rules apply equally to parties represented by counsel and parties appearing in propria persona.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  A party appearing in propria persona "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'"  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [pro. per. litigants must follow the correct rules of procedure].)

Barbara has failed to demonstrate error with an adequate record for review.  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  The cardinal rule of appeal is that a judgment or order of the trial court is presumed correct and prejudicial error must be established.  (*Ibid.*)  If the record is inadequate for review, the appellant defaults and the decision of the trial court must be affirmed.  (*Ibid.*)  In addition, Barbara has presented a judgment roll appeal which cannot serve as a basis to attack the sufficiency of the evidence to support the judgment.  (*Williams v. Inglewood Board of Realtors, Inc.* (1963) 219 Cal.App.2d 479, 481.)

The judgment is affirmed.  Appellant shall bear costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

3.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Barbara Loftus, in pro. per., for Plaintiff and Appellant.


Dierdre Loftus Powell, in pro. per., for Defendants and Respondents.