Filed 10/5/23  In re L.G. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re L.G., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Plaintiff and Respondent, v. D.A., Defendant and Appellant. | E081055 (Super.Ct.No. DPSW2300032) OPINION |

APPEAL from the Superior Court of Riverside County.  Michael J. Rushton, Judge.  Affirmed.

Donn B. Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh Tran, County Counsel, and Prabhath D. Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

1

D.A. (mother) contends there was insufficient evidence to support the juvenile court's jurisdictional finding under Welfare and Institutions Code[1] section 300, subdivision (a), regarding her child, L.G. (the child). We affirm.

## DISCUSSION

### Mother Has Forfeited the Issue Regarding Insufficient Evidence to Support the Court's Jurisdictional Finding

At the jurisdiction/disposition hearing on April 4, 2022, the court sustained the section 300 petition which alleged that the child came within subdivisions (a) and (b). In her notice of appeal, mother states that she is appealing from the court's order "[f]inding Allegation (a) true on 04/04/2023" on the ground that there was insufficient evidence to support the finding. However, she has failed to brief the issue. Since mother provides no argument or authority regarding the court's finding, the issue is forfeited. (*People v. Whalen* (2013) 56 Cal.4th 1, 72, fn. 28; see *People v. Stanley* (1995) 10 Cal.4th 764, 793 [A court need not consider a claim that is not accompanied by argument or authority.] and *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary."].)

In her brief, mother instead claims a reversal of the court's finding that the Indian Child Welfare Act of 1978 (25 U.S.C. §§ 1901 et seq.) (ICWA) did not apply is required,

---

[1] All further statutory references will be to the Welfare and Institutions Code, unless otherwise indicated.

2

since the social worker failed to fulfill the duty of initial inquiry. We note that there is no mention of this issue in the notice of appeal. However, "ordinarily, the failure to comply with statutory duties under ICWA is not grounds for reversal of juvenile dependency orders issued prior to termination of parental rights." (*D.S. v. Superior Court* (2023) 88 Cal. App. 5th 383, 388.) In *In re S.H.* (2022) 82 Cal.App.5th 166, the court held "disturbing an early order in a dependency proceeding is not required where, as here, the court, counsel, and the Agency are aware of incomplete ICWA inquiry. . . . So long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both the Agency and the juvenile court have an adequate opportunity to fulfill those statutory duties." (*Id*. at p. 179.) Remand is not required here since the case is ongoing.

DISPOSITION

The court's jurisdictional finding is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:


McKINSTER

      Acting P.J.


RAPHAEL

      J.