Filed 11/20/23  Valentine v. Colon CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JIMMY VALENTINE et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>ERMA COLON et al.,<br><br>    Defendants and Appellants. | B317910<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV20910) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Affirmed.

Felicia J. Riley, in pro. per., for Defendants and Appellants.

Green and Stewart, Noah Green and Charise L. Stewart, for Plaintiffs and Respondents.

————————————

Jimmy Valentine and Walter Dees (Plaintiffs) sued Erma Colon and her daughter Felicia Riley (Defendants) in connection with a failed business arrangement to renovate and sell Colon's home. Plaintiffs prevailed after a bench trial and Defendants appeal. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

As the record on appeal does not include the complaint, trial exhibits, or a reporter's transcript, we rely on the court's statement of decision for background information. According to the statement of decision, Colon owned a residential property that fell into disrepair and was condemned. Valentine was a real estate investor who purchased distressed properties, rehabilitated them, and sold them. The parties entered into an agreement to rehabilitate and sell Colon's property, the terms of which gave Valentine an equitable interest in the property for purposes of renovating and selling it. Valentine spent more than $90,000 to rehabilitate the property, reinstate utilities and insurance, pay unpaid taxes, stop a foreclosure, and list the property for sale. Once the property was listed for sale, Defendants rescinded the agreement and resumed living at the property. Plaintiffs sued, asserting claims for breach of contract, interference with contractual relations, and unjust enrichment.

A court trial took place on April 15 and 16, 2021.[1] On July 27, 2021, the court issued a statement of decision finding Defendants had breached the contract and were unjustly enriched. The court declined to make a restitution award for the

---

[1] On our own motion, we take judicial notice of the minute orders for April 15 and 16, 2021, which Defendants attached to their opening brief. (Evid. Code, §§ 451, 452, 459.)

2

unjust enrichment or to impose a constructive trust, instead indicating its intent to enforce the terms of the parties' agreement.

The court ordered Plaintiffs to submit a proposed judgment. Plaintiffs did so, to which Defendants filed objections on August 9, 2021.

Plaintiffs filed an ex parte motion seeking clarification of the court's statement of decision concerning remedies. On August 24, 2021, the court denied the motion and directed Plaintiffs to proceed by noticed motion, which they filed the same day. Although the record is not fully clear, it appears the court continued the hearing on this motion and then denied it.

On November 24, 2021, the court entered judgment for Plaintiffs. Defendants appeal.

## DISCUSSION

### I.    **Assertions in Factual Background of Brief**

In their opening brief, Defendants' factual background consists of Riley's first person account of the history of the parties' relationship, their agreements, and the litigation. This account does not constitute a "summary of the significant facts limited to matters in the record" as required by California Rules of Court, rule 8.204(a)(2)(C). We cannot determine whether Defendants' factual representations are supported by evidence in the record because the vast majority contain no citation to the appellate record, in violation of California Rules of Court, rule 8.204(a)(1)(C) [any reference in an appellate brief to matter in the record must be supported by a citation to the volume and page number of the record where that matter may be found]). In other instances, Defendants relate information obviously outside the

3

record on appeal, such as interactions with court clerks, discussion of other litigation, and conversations with family members and their former attorney. We are unable to rely on these unsupported assertions in rendering our decision. "Statements of fact that are not supported by references to the record are disregarded by the reviewing court." (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.)

When citations are provided to support the assertions made in the factual background, many direct the court to a series of exhibits appended to Defendants' opening brief. Two of these appended exhibits are minute orders from the trial, two post-date the trial, and we cannot determine whether the others were part of the trial court proceedings. These documents do not appear in the clerk's transcript and have not been presented in compliance with California Rules of Court, rules 8.120(a) (record on appeal) and 8.204(d) (other than statutes and regulations, attachments to briefs must be matters in the appellate record). We are confined in our review to the evidence from the proceedings which took place in the trial court. "Appellate review is generally limited to matters contained in the record. Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.)

Rather than a summary of the material evidence from trial, Defendants' recitation of the factual background presents advocacy and factual disputes for apparent resolution by this court. While we understand Defendants' dissatisfaction with the outcome of the litigation and their desire to set forth their view of events, the statement of facts is not the place to present argument. We cannot consider the wide-ranging factual disputes

4

set forth in this portion of the brief. (Cal. Rules of Court, rules 8.204(a)(2)(C), 8.204(a)(1)(B); *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294 ["we do not consider all of the loose and disparate arguments that are not clearly set out in a heading and supported by reasoned legal argument"].)

II.     **Clerk's Transcript Certification**

Defendants' first separately presented argument is that Plaintiff Valentine filed a " 'Clerk's Certification of Record on Appeal' on May 3, 2022, where he certifies that the 'Clerk[']s Transcript' contains 'True' and 'Correct' copies of the Original Documents on file in this action." Defendants complain this document was filed before they filed their opening brief and assert that many of the statements made in the clerk's transcript are not accurate or true.

The document to which Defendants refer was not filed by Valentine. It is a certification made by the superior court clerk that the documents included in the clerk's transcript are true and correct copies of the documents in the superior court file for this lawsuit. The superior court clerk is required by California Rules of Court, rule 8.122(d)(1)(A) to prepare and certify the clerk's transcript. With this certification the clerk makes no representations about the accuracy or veracity of statements in the documents contained in the transcript.

Although Defendants call the clerk's transcript "the Plaintiffs['] transcript," it actually was prepared by the superior court at Defendants' request. Defendants filed a Notice Designating Record on Appeal form requesting the preparation of a clerk's transcript and specifying the items to be included in that transcript. This designation of the record form was filed by

5

Defendants on January 19, 2022, and is contained in the clerk's transcript.

Defendants have not established error.

III. **Factual Contentions**

Defendants' next argument begins by directing this court to various pages of their written closing argument in the trial court. It is not appropriate to incorporate by reference arguments contained in trial court papers into an appellate brief, even if those papers are made a part of the appellate record; and we do not consider them. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20 (*Soukup*).)

Defendants then set forth a paragraph of factual assertions, none of which are supported by citations to evidence in the clerk's transcript. Defendants do not present a legal argument demonstrating how these assertions establish error in the judgment. "Every argument presented by an appellant must be supported by both coherent argument and pertinent legal authority. [Citation.] If either is not provided, the appellate court may treat the issue as waived." (*Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743.) We suspect Defendants may intend to argue some of the trial court's findings were not supported by substantial evidence, but a "party presenting an argument of insufficient evidence may not simply reargue its version of the facts." (*Orozco v. WPV San Jose, LLC.* (2019) 36 Cal.App.5th 375, 391.) " 'A party who challenges the sufficiency of the evidence to support a particular finding must *summarize the evidence* on that point, *favorable and unfavorable*, and *show how and why it is insufficient*. [Citation.]' [Citation.] Where a party presents only facts and inferences favorable to his or her position, 'the contention that the findings are not supported by

6

substantial evidence may be deemed waived.' " (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.)

## IV.   **Conduct of the Trial**

Defendants allege at various points in their opening brief that the trial was conducted in their absence.  It appears they believe the court, on April 15, 2021, rescheduled the trial to the following day, but then reversed course and held the trial on April 15 although Defendants were unaware of the proceedings; heard Valentine's testimony and rendered judgment in his favor on April 15; and then, the following day, April 16, 2021, conducted depositions of Riley and Riley's daughter.

The record on appeal does not support these claims.  The minute order of April 15, 2021, indicates the trial began on April 15, 2021, and Defendants were represented by their counsel. Defendants are correct that Valentine did testify that day, but there is no indication that the court awarded judgment to Plaintiffs on April 15, 2021.  To the contrary, the April 15, 2021 minute order states that the parties and counsel were ordered to return the following day, and the April 16, 2021 minute order states that trial resumed that day from April 15, 2021.  As for Defendants' contention that Riley and her daughter were deposed rather than giving trial testimony, the minute order of April 16, 2021, directly refutes that assertion.

## V.   **Notice**

Defendants complain they did not personally receive various documents at the time they were filed, and they contend they should have been personally notified of hearings occurring after trial.  Because Defendants were represented by counsel, Plaintiffs were required to serve documents and notices on their

attorney, not on them personally. "[I]n all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except service of subpoenas, of writs, and other process issued in the suit, and of papers to bring the party into contempt." (Code Civ. Proc., § 1015.)

VI.    **Previous Lawsuit**

In their opening brief, Defendants repeatedly refer to a prior lawsuit between the parties that was dismissed. They ask us to reverse the judgment and dismiss this lawsuit because it is the "same lawsuit" as the earlier action, but they do not present a legally cognizable basis for reversal. Defendants do not discuss the elements of res judicata or demonstrate how they were proven here (see *Central Delta Water Agency v. Department of Water Resources* (2021) 69 Cal.App.5th 170, 206), and the record on appeal lacks sufficient information to make such a determination. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Finally, Defendants allege the trial court should have had a "discussion" with the judge who presided over the first action before deciding the second case. Defendants do not articulate the nature of this discussion, what they believe it would have achieved, or why the failure to consult another judge requires reversal of the judgment. The failure to present a legal argument

8

is fatal to this claim. "Issues not supported by argument or citation to authority are forfeited." (*Needelman v. DeWolf Realty Co., Inc.* (2015) 239 Cal.App.4th 750, 762.) Moreover, to the extent Defendants intend to suggest the court should have obtained additional information from another judge for use in making its ruling, this would have been improper. "When a trial judge sits as the trier of fact, the judge takes the place of a jury, and his or her conduct is subject to the same rules. [Citation.] Consequently, the judge cannot receive information from sources outside the evidence in the case." (*Guadalupe A. v. Superior Court* (1991) 234 Cal.App.3d 100, 108–109.)

## VII. **Other Contentions**

Section II of Defendants' Argument in the opening brief, entitled, "Application Of The Law To The Facts," consists solely of a citation to Defendants' closing argument in the trial court. We do not consider arguments incorporated by reference from trial court papers. (*Soukup*, *supra*, 39 Cal.4th at p. 294, fn. 20)

Section III of Defendants' Argument is a verbatim reproduction of three California Rules of Court. An appellant must offer argument as to how the court erred, rather than citing general principles of law without applying them to the circumstances before the court. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699.)

Defendants assert the trial court did not "acknowledge" their closing argument, Plaintiffs' counsel "included documents 'not directly related' to the Plaintiffs or their court case," and they (Defendants) objected to the proposed judgment. These contentions are not supported by argument and legal authority demonstrating error in the judgment. "We need not address points in appellate briefs that are unsupported by adequate

9

factual or legal analysis." (*Placer County Local Agency Formation Com. v. Nevada County Local Agency Formation Com.* (2006) 135 Cal.App.4th 793, 814.)

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.