Filed 9/17/15  Coss v. Jones CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PAUL DOUGLAS COSS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CAROLYN JONES,<br><br>    Defendant and Respondent. | 2d Civil No. B259295<br>(Super. Ct. No. D340383)<br>(Ventura County) |

Paul Douglas Coss, in propria persona, appeals a judgment entered concerning awards of child support and spousal support following dissolution of his marriage to Carolyn Jones.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

Coss and Jones married on June 26, 1987, and separated on August 1, 2010, concluding a 23-year marriage.  At the time of separation, the couple had two minor children.  During trial of support and property issues, however, one child became 18 years old.  Sometime following the separation, the children refused to communicate or visit with Coss, and his "time-share" with the remaining minor child became "zero."

At times from June 20, 2012, through April 16, 2014, the family law court held a trial regarding child support, spousal support, and division of community property, among other things.  In his statement of decision, the family law judge described the trial as "disjointed and disorganized."  He also stated that the parties were not prepared for

trial and submitted exhibits without evidentiary foundation. The judge commented: "Objections were made randomly. Some issues were revisited months after the court's rulings had been announced. In short, had this case had any semblance of organization or clarity, it would have required far less time in trial than it actually did."

During the lengthy trial proceedings, Jones obtained part-time employment as a sales clerk for an hourly wage. The family law court thereafter imputed a monthly minimum-wage income of $1,387 to her, effective September 1, 2013. On February 1, 2014, Jones obtained full time employment at a monthly salary of $2,001, as set forth in her income and expense declaration filed on April 7, 2014.

For many years, Coss had been employed by KABC-TV, a subsidiary of the Walt Disney Company. During trial, the family law court found that Coss earned $20,464 monthly, plus bonuses. On May 24, 2013, the court ordered Coss to pay $2,806 monthly child support, plus a specific percentage of any employment bonus, and $2,750 monthly spousal support.

In September 2013, KABC-TV dismissed Coss from employment. The family law court later reviewed documentary evidence from Coss's employer reflecting that Coss received $252,587 as severance pay. The court then determined that the severance pay consisted of 12 months of Coss's previous salary.

On August 4, 2014, the family law court filed a statement of decision awarding child support and spousal support to Jones retroactively from October 1, 2013, through September 1, 2014, and continuing. The court awarded differing amounts for portions of the 12-month period, depending upon whether there were one or two minor children; whether Jones had obtained full-time employment; whether the severance pay was depleted; and whether Coss received unemployment benefits. The court awarded $2,509 monthly child support (one child) and $3,000 spousal support for the period of February 1, 2014, through August 31, 2014. Effective September 1, 2014, and continuing until further court order, the court ordered Coss to pay $453 child support (from his unemployment benefits) and a jurisdiction amount of "zero" spousal support.

2

The family law court ordered the parties to submit evidence of Coss's deferred compensation plans with the Disney Company, as well as the parties' other retirement plans, to a referee for review and tracing. With respect to other assets of the marriage, the court noted that the family home had been foreclosed and the personal property within had been lost or moved. The court also denied Jones's request for attorney fees and sanctions, because Coss was unemployed and because the parties were disorganized and unprepared for trial.

Coss appeals and asserts the support orders rest upon flawed tax calculations and evidentiary omissions, among other errors.

*DISCUSSION*

Coss argues that the family law court did not consider the correct tax filing status, the impact of the alternative minimum tax, the correct tax exemptions, and previously allowed hardship amounts, in calculating the support orders. In support of his contentions, Coss relies upon post-judgment motions and evidence outside the appellate record and, therefore, not proper subjects for this appeal.

For several reasons, we reject Coss's claims.

*I.*

An appellant must affirmatively demonstrate error and show such error by citation to the record and any supporting authorities. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 126.) In other words, review is limited to issues that have been adequately raised and briefed. (*Ibid.*) A reviewing court need not furnish argument or search the record to ascertain whether support for appellant's contentions exists. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) "One cannot simply say the court erred, and leave it up to the appellate court to figure out why." (*Ibid.*) Contentions that are raised without supporting authorities and citations to the record may be deemed abandoned and discussion by the reviewing court unnecessary. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)

These rules apply equally to parties represented by counsel and parties appearing in propria persona. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

3

A party appearing in propria persona "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [pro. per. litigants must follow the correct rules of procedure].)

Coss has not established by citation to the record that he objected in a timely manner to the child support and spousal support awards on the taxation grounds that he now urges. The family law court denied his objections to the tentative decision on the grounds of timeliness. His motion for reconsideration of the judgment is not contained in the appellate record and it appears that the reconsideration motion was also untimely.

*II.*

The family law court possesses broad discretion to determine and award child and spousal support. (*In re Marriage of Barth* (2012) 210 Cal.App.4th 363, 372.) A reviewing court may not substitute its own judgment for that of the lower court; it must determine only if the support order is reasonable. (*Ibid.*) "[W]here, as here, the family law court makes a fair and equitable ruling on contested issues of fact, its express or implied factual determinations are binding on appeal." (*In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1176.)

The child support and spousal support awards are reasonable and rest upon sufficient evidence. The unemployment benefits form that Coss provided to the family law court states that his unemployment benefits expire "9-27-14." Coss's statement that Jones has recently obtained a different, higher-paying full time job is outside the record and not reviewable by an appeal of the September 23, 2014, judgment. The use of two tax exemptions for Coss when calculating the support awards is supported by evidence that he has remarried. The court also properly rejected Coss's claims that he spends $1,200 to $2,000 monthly in pursuing employment. "We do not judge credibility on appeal. An adverse factual finding is a poor platform upon which to predicate reversible error." (*In re Marriage of Boswell*, *supra*, 225 Cal.App.4th 1172, 1175.)

4

*III.*

Jones requests her attorney fees and sanctions against Coss for his pursuit of a meritless appeal.  We deny the request pursuant to the standards announced in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.

The judgment is affirmed.  Neither party shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

John R. Smiley, Judge

Superior Court County of Ventura

_____

Paul Douglas Coss, in pro. per., for Appellant.

Sandra Cannaday Knapp for Respondent.