Filed 11/20/15  Antonyan v. Lezak CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VARDAN ANTONYAN, | F070527 |
| Plaintiff and Appellant, | (Super. Ct. No. CV279862) |
| v. | |
| JEFFREY LEZAK et al., | **OPINION** |
| Defendants and Respondents. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Vardan Antonyan, in pro. per., for Plaintiff and Appellant.

Jeffrey Lezak, in pro. per., for Defendant and Respondent.

Robert J. Mills, in pro. per., for Defendant and Respondent.

-ooOoo-

In this action for breach of contract, fraud and other claims relating to an agreement to sell real property, plaintiff Vardan Antonyan (plaintiff) appeals from (1) the summary judgment in favor of defendants Robert J. Mills and Crayon Sky Investment Group Trust (collectively Mills) and (2) the judgment following court trial in favor of defendant Jeffrey Lezak, individually and as trustee for the Jeffrey Lezak Solo 401(k) Trust (collectively Lezak). Plaintiff has failed to meet his burden as appellant to demonstrate, by citation to an adequate record and by presentation of sufficient legal authority and cogent discussion, that the trial court committed prejudicial reversible error. Accordingly, plaintiff's appeal fails and the separate judgments of the trial court entered in favor of defendants Mills and Lezak are hereby affirmed.[1]

## FACTS AND PROCEDURAL HISTORY

Although the record on appeal is sketchy at best, it appears that plaintiff entered into a contract with Mills, under the terms of which Mills was to sell and plaintiff was to purchase certain real property on Warren Avenue in Bakersfield, California (the real property). The contract specified certain performance deadlines and other contingencies, including that plaintiff had to provide proof of funds and updated loan approval to Mills by March 13, 2013. Mills asserted that plaintiff failed to comply with the deadline and cancelled the escrow. Thereafter, Mills sold the property to Lezak, who had made a backup offer to purchase the real property.

Plaintiff's complaint was filed on July 22, 2013. This court has not been provided with a copy of the complaint or other pleadings in the case. According to plaintiff, the complaint alleged causes of action for breach of contract, fraud and conspiracy against defendants Mills and Lezak.

---

[1]    Because we have so concluded, the parties' respective motions (i.e., Lezak's motion to dismiss appeal and plaintiff's motion to strike brief) are denied as moot.

2.

On June 5, 2014, Mills moved for summary judgment. Plaintiff has failed to provide this court with the moving, opposing or reply papers in connection with the motion for summary judgment. Plaintiff has also failed to furnish this court with the transcript of the hearing in regard to that motion. A hearing was held on the motion on August 22, 2014, and on September 15, 2014, the trial court issued its written order granting the motion for summary judgment. The trial court's written order explained that summary judgment was being granted in favor of Mills, and against plaintiff for the following reasons:

"1. Defendant, MILLS, did not breach the agreement. The Court finds that the March 29, 2013 deed from MILLS to LEZAK was past the March 13, 2013, deadline for Plaintiff, ANTONYAN, to perform, which time for performance was not extended.

"2. The Court further finds that back-up offers were authorized by the agreement.

"3. The Court further finds that there is no evidence that Defendant MILLS or Defendant, LEZAK induced Plaintiff, ANTONYAN, in any manner to miss the escrow deadline or conspired with [each] other. [¶] … [¶]

"5. The Court further finds that Plaintiff, ANTONYAN, failed to file a responsive separate statement required under Code of Civil Procedure Section 437c[, subdivision ](b)(3) of the facts … essential to an opposition."[2]

On September 15, 2014, based on the summary judgment ruling, the trial court entered judgment in favor of Mills and against plaintiff.

On September 23, 2014, a court trial was held regarding plaintiff's claims against Lezak. The trial court took judicial notice of the summary judgment ruling. The trial court then heard testimony from both parties, received various exhibits into evidence, and

---

[2]    It was further ordered that the $2,000 deposit or earnest money be released from escrow and distributed to Mills.

heard the parties' opening statements and arguments. Copies of plaintiff's trial exhibits have been provided as part of the appellate record. However, this court has not been provided with a reporter's transcript of the trial testimony or other oral proceedings in the trial court. From the bench, the trial court announced its decision to enter judgment in favor of Lezak and against plaintiff. On September 29, 2014, a formal, written judgment after court trial was filed, entering judgment in favor of Lezak and against plaintiff.

On October 6, 2014, plaintiff filed a timely notice of appeal from the final judgments entered in favor of defendant Mills and Lezak.

## DISCUSSION

### I. Failure to Meet Burden on Appeal

Because a judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness, error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Thus, an appellant must affirmatively show prejudicial error based on adequate legal argument and citation to the record. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656; *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523.) These requirements apply equally to appellants acting without an attorney. (*McComber v. Wells*, *supra*, at p. 523.) "[T]he trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen*, *supra*, at p. 655.) When points are perfunctorily raised, without adequate analysis and authority or without citation to an adequate record, the appellate court may pass them over and treat them as abandoned or forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *Nelson v. Avondale Homeowners Assn.* (2009) 172

4.

Cal.App.4th 857, 862; *Placer County Local Agency Formation Com. v. Nevada County Local Agency Formation Com*. (2006) 135 Cal.App.4th 793, 814; *Landry v. Berryessa Union School Dist*. (1995) 39 Cal.App.4th 691, 699–700.) Failure to provide an adequate record on an issue requires that the issue be resolved against the appellant. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

In view of an appellant's burden to affirmatively show prejudicial error, his or her opening brief must apprise the opposing party and the appellate court of those alleged errors and/or identify the specific questions to be decided on appeal, with supporting argument. "[T]he appellant must present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made; otherwise, the point will be forfeited." (*Keyes v. Bowen*, *supra*, 189 Cal.App.4th at p. 656; Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd*. (1995) 34 Cal.App.4th 1826, 1830–1831, fn. 4.)

Here, plaintiff's opening brief has failed to adequately and intelligibly raise any potential ground for concluding the trial court committed reversible error. A number of conclusory claims are set forth in plaintiff's opening brief, but they are made without supporting legal authority or adequate legal discussion. Plaintiff's claims of error are therefore forfeited. Moreover, plaintiff has failed to provide an adequate record concerning this appeal. To the extent that plaintiff is challenging the summary judgment ruling in favor of Mills, we have not been provided essential portions of the trial court record—such as the moving, opposing and reply papers. To the extent that plaintiff is challenging the sufficiency of the evidence regarding the court judgment in favor of Lezak, we have not been provided with a copy of the reporter's transcript of the testimony below. Thus, our review is fatally hampered because we are missing critical portions of the evidentiary record. As noted above, a judgment or order of the trial court is presumed correct and error must be shown by an adequate record. Because plaintiff has failed to provide an adequate record to address his claims, we reject them and the

5.

presumption of correctness controls. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) In short, all of plaintiff's purported arguments are unsupported and will be disregarded. Because plaintiff has not met his fundamental burden as the appellant, the appeal must fail.**3**

## II.     Other Reasons for Same Result

In addition to the above reasons for denial of plaintiff's appeal, we note two other grounds disclosed on the face of the record that support the trial court's judgments. First, as to the summary judgment in favor of Mills, one of the alternative bases for granting the motion was plaintiff's failure to oppose the motion with a separate statement as required. That was a sufficient ground to support the granting of the motion. (See Code Civ. Proc., § 437c, subd. (b)(3) ["Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion."].) Plaintiff's apparent attempt on appeal to belatedly show a triable issue of fact cannot excuse his critical failure to present a timely separate statement in the trial court, as was required by the summary judgment statute. Second, as to the judgment after court trial, plaintiff's reference to only selected items of evidence in his opening brief operated as a waiver of any challenge based on claimed insufficiency of the evidence. Where, as here, the substantial evidence test applies, "[a]n appellant … who cites and discusses only evidence in [his] favor fails to demonstrate any error and *waives* the contention that the evidence is insufficient to support the judgment." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408, italics added.)

---

**3**      In an attempt to submit unauthorized supplemental briefing, plaintiff filed a document entitled "Appellant's Motion for New Trial." Whatever is stated in that document is plainly too little, too late, and in any event it presents nothing to alter our opinion that the appeal is fundamentally deficient for the reasons stated herein. The motion is denied.

## **DISPOSITION**

The judgments are affirmed.  Costs on appeal are awarded to Mills and Lezak.

_____
KANE, Acting P.J.

WE CONCUR:


_____
POOCHIGIAN, J.


_____
FRANSON, J.

7.