Filed 12/29/23  Harrell v. Harrell CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

JAMIE HARRELL,

      Plaintiff and Respondent,

v.

CHRISTOPHER HARRELL,

      Defendant and Appellant.

E079279

(Super.Ct.No. FAMMB2100375)

OPINION

APPEAL from the Superior Court of San Bernardino County.  John W. Burdick, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part and remanded with directions.

The Justice Firm and Joseph Virgilio for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Plaintiff and respondent Jamie Harrell sought a domestic violence restraining order against defendant and appellant Christopher Harrell.[1]  Christopher, representing himself in trial court, filed a form response to the request, checking a box indicating that

---

[1] We refer to Jamie and Christopher by their first names to avoid potential confusion.  We intend no disrespect.

1

he was seeking a limited exemption from the firearms prohibition that the restraining order would contain if it were granted. Under penalty of perjury, he explained that he is currently in the military and could lose his job if ordered not to use a firearm. After an evidentiary hearing, the trial court issued a restraining order containing no firearms exemption. We remand for further proceedings. Having reviewed the record, we conclude that the trial court failed to address the firearms exemption issue and that it should therefore decide it in the first instance.

Family Code section 6389 (section 6389) provides that a person subject to a domestic violence restraining order "shall not own, possess, purchase, or receive a firearm or ammunition while that protective order is in effect." (§ 6389, subd. (a).) The exemption at issue here is section 6389, subdivision (h), which states in relevant part: "The court may, as part of the [firearm] relinquishment order, grant an exemption from the relinquishment requirements of this section for a particular firearm or ammunition if the respondent can show that a particular firearm or ammunition is necessary as a condition of continued employment and that the current employer is unable to reassign the respondent to another position where a firearm or ammunition is unnecessary. If an exemption is granted pursuant to this subdivision, the order shall provide that the firearm or ammunition shall be in the physical possession of the respondent only during scheduled work hours and during travel to and from the place of employment."

Christopher testified at the hearing that he was in the military, and neither Jamie's testimony nor her attorney's cross-examination of Christopher sought to show otherwise.

2

Beyond this, there was no discussion at the hearing about whether he satisfied the requirements for an exemption, such as an inability to be reassigned to another position that did not require a firearm or ammunition.[2]

Determinations that a particular firearm is necessary as a condition of continued employment, as well as whether an employer can reassign, are factual determinations. (Cf. *In re Caden C.* (2021) 11 Cal.5th 614, 639-640 [findings whether a parent has "consistently" visited a child and whether a child would benefit from continuing a parent-child relationship are "essentially . . . factual determination[s]"].) As such, they are reviewed for substantial evidence on appeal. (*Id.* at p. 639.)

"In reviewing factual determinations for substantial evidence, a reviewing court should 'not reweigh the evidence, evaluate the credibility of witnesses, or resolve evidentiary conflicts.'" (*In re Caden C.*, *supra*, 11 Cal.5th at p. 640.) However, "the record must show the court *actually performed* the factfinding function" in the first place. (*Kemp Bros. Construction, Inc. v. Titan Electric Corp.* (2007) 146 Cal.App.4th 1474, 1477 (*Kemp Bros.*).) Where an appellate court "determines the trial court has failed to address a relevant factual issue in its ruling," the usual remedy is to "remand the case for reconsideration in light of that issue." (*Diaz v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1212; see also *Kemp Bros.*, *supra*, 146 Cal.App.4th at p. 1478.)

---

[2] At a hearing five months earlier, Jamie asserted that Christopher was being "chaptered out," but that informal statement was not testimony nor in evidence.

The trial court failed to address the firearms exemption issue. Nothing in Jamie's request for a domestic violence restraining order or Christopher's response addressed whether Christopher's employment requires access to a firearm, other than Christopher's request for the exemption, where he claimed a firearm is necessary for him. Similarly, nothing at the hearing addressed Christopher's employment beyond the undisputed fact that he is in the military.

Beyond the omission of information—which could be explained if the parties compiled an incomplete appellate record—there is additional reason to believe that the trial court neglected to address the firearms issue. Even though Jamie and Christopher's testimony at the hearing addressed Christopher's purchase, storage, and threatened use of firearms on himself, on the form restraining order that was issued afterwards, the box next to the statement "[t]he court has received information that [Christopher] owns or possesses a firearm" was left unchecked. The failure to check the box despite unambiguous and uncontroverted evidence that it should be checked suggests that the trial court made an oversight.[3]

---

[3] As a result of the failure to check the box, even if we were to review the trial court's decision on the exemption for abuse of discretion—because section 6389, subdivision (h) states that the trial court "may" grant an exemption if requirements are met—we would reach the same result. (See *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275 [noting § 6389, subd. (h) contains a "grant of discretion"].) The record shows that the trial court did not merely fail to state reasons for a denial, but rather failed to exercise its discretion altogether, and a "trial court's failure to exercise discretion is itself an abuse of discretion" (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 515).

It would have been best had Christopher expressly asked for a ruling on the firearm exemption at the hearing. Nevertheless, Christopher sought a firearms exemption in his response to Jamie's restraining order request, asserting, under penalty of perjury, that he "could lose my job if ordered not to use a firearm." Having done so, Christopher was under no obligation to remind the court to rule on that exemption. Moreover, Jamie has not filed a respondent's brief on appeal, so she has waived the opportunity to present appellate argument. We therefore vacate the restraining order as to the implied denial of an exemption under section 6389, subdivision (h) and remand the case with directions for the trial court to determine whether Christopher should be granted an exemption under that provision.

We note that our decision does not vacate the restraining order's prohibition on firearm possession in general. Rather, it allows Christopher an opportunity to show that a particular firearm should be exempted from the order while he is at work. (See § 6389, subd. (h) ["If an exemption is granted pursuant to this subdivision, the order shall provide that the firearm or ammunition shall be in the physical possession of the respondent only during scheduled work hours and during travel to and from the place of employment"].) Unless such an exemption is granted, the restraining order will remain in full effect. We express no view on whether the exemption should be granted.

Separately, Christopher argues that the restraining order violates his Second Amendment rights. His only authority for the argument is *United States v. Rahimi* (5th Cir. 2023) 61 F.4th 443 (*Rahimi*), a federal court decision addressing a federal statute.

5

Because Christopher only discusses the facts of *Rahimi* and makes no attempt to apply *Rahimi*'s rationale to the applicable California statutes here—or even to cite section 6389—we deem the cursory argument waived. (See *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary"].) There can hardly be a successful facial challenge to the constitutionality of a statute (as in *Rahimi*) when the statute is not even mentioned.[4]

---

[4] In *Altafulla v. Ervin* (2015) 238 Cal.App.4th 571, Division One of this court held that section 6389 did not violate the Second Amendment. In *Zachary H. v. Teri A.* (2023) 96 Cal.App.5th 1136 (*Zachary H.*), the same court reaffirmed that holding, this time noting it was "declin[ing] to follow *Rahimi*." (*Id.* at p. 1145, fn. 5 [noting the "compelling government interest to reduce domestic violence"].) Even if the issue were not waived, we would be inclined to follow *Altafulla* and *Zachary H.*, as we find the reasoning in those cases persuasive.

DISPOSITION

The May 18, 2022, domestic violence restraining order is affirmed except insofar as the trial court denied a firearms exemption under section 6389, subdivision (h).  The restraining order remains in effect, and the matter is remanded for the limited purpose of the trial court making factual findings and then exercising its discretion to determine whether Christopher qualifies for the firearms exemption.  The parties are to bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAPHAEL _____
J.


We concur:

MILLER _____
Acting P. J.

FIELDS _____
J.