Filed 10/16/24  Elamin v. Shimek Properties CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GREGORY ELAMIN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SHIMEK PROPERTIES, LLC et al.,<br><br>    Defendants and Respondents. | A170110<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-20-587312) |

**MEMORANDUM OPINION[1]**

Gregory Elamin, appearing propria persona, appeals from the dismissal of his action for failure to comply with court orders pursuant to Government Code section 68608, subdivision (b).[2]  We affirm.

In October 2020, Elamin filed a complaint for damages and restitution with 12 causes of actions against Shimek Properties, LLC, Roy Shimek, and three other individuals.  The following month, Elamin filed an amended complaint with two additional causes of action.  Elamin attempted to

---

[1]  This appeal may be resolved by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]  This section provides in relevant part: "Judges shall have all the powers to impose sanctions authorized by law, including the power to dismiss actions . . . , if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case."  (Gov. Code, § 68608, subd. (b).)

1

personally serve Shimek Properties, LLC, and Roy Shimek (collectively, Shimek). Shimek, appearing specially, moved to quash service of the summons. The trial court granted the motion, noting there was no opposition and no appearances at the hearing. Afterwards, Elamin filed a motion to vacate the order, which the court denied.

In January 2022, Elamin filed a notice of appeal from the trial court's order granting the motion to quash (case No. A164467). This court dismissed the appeal because Elamin failed to file a brief, and a remittitur followed.

Eight months later, in September, the trial court scheduled a case management conference for January 2023. The court later canceled the scheduled conference and issued an order to show cause (OSC), directing Elamin to explain why his action should not be dismissed or sanctions imposed for failure to file proofs of service on defendants and obtain answers or enter defaults as to the first amended complaint.

In July, Elamin failed to appear at the OSC hearing and the trial court sanctioned him $400 for not appearing. The court continued the hearing three additional times. Each time, Elamin failed to appear. And each time, the court imposed sanctions for his failure to appear.

In February 2024, when Elamin failed to appear at the OSC hearing a fourth time, the trial court entered an order dismissing the entire action pursuant to Government Code section 68608, subdivision (b), finding no good cause or substantial justification for Elamin's failure to comply with the previous court orders and that a less severe sanction would not be effective due to his history of noncompliance. Elamin appeals the dismissal order.

We review an order dismissing an action for abuse of discretion. (*Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 765, disapproved on another point in *City of Los Angeles v.*

2

*PricewaterhouseCoopers, LLP* (2024) 17 Cal.5th 46, fn. 5.) "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) " '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*).)

We first observe that Elamin spends a significant portion of his opening brief attacking the trial court's order granting the motion to quash service. However, Elamin's prior appeal—challenging that order—was dismissed after he failed to file an opening brief. As a result, that order became final and binding on Elamin since the dismissal of his appeal did not expressly state it was made without prejudice. (Code Civ. Proc., § 913; see *Property Owners of Whispering Palms, Inc. v. Newport Pacific, Inc.* (2005) 132 Cal.App.4th 666, 677.) Accordingly, Elamin cannot now challenge the merits of the order granting the motion to quash and we disregard his arguments challenging that order. (See *Clemente v. State of California* (1985) 40 Cal.3d 202, 211–212.)

With respect to the dismissal order triggered by Elamin's fourth failure to appear at the OSC hearing, his briefing is not a model of clarity.[3] He seems to argue the dismissal violated his due process rights and suggests the court had no jurisdiction to dismiss the case. Although Elamin cites to some statutes and case law in his briefing, he does not adequately explain how these legal authorities support a conclusion that the trial court abused its

---

[3] No respondent's brief, and in turn no reply brief, was filed.

discretion. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700.) In short, Elamin's briefing makes it impossible to evaluate his arguments, and it is not our " 'role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness.' " (*Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323 (*Dilbert*); see *Hernandez, supra*, 37 Cal.App.5th at p. 277 [a reviewing court is not obliged to make arguments for appellant or speculate about which issues they intended to raise].)

While we recognize Elamin is self-represented, he is not excused from the rules governing the appellate process. (See *Dilbert, supra*, 101 Cal.App.5th at p. 323.) A party proceeding in propria persona must be treated like any other party and follow the same procedural rules as an attorney. (*Ibid.*) Given that Elamin has not made any intelligible or legally supported argument that the trial court abused its discretion in imposing terminating sanctions, we must conclude he has failed to carry his burden on appeal.

## DISPOSITION

The order dismissing Elamin's first amended complaint is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Langhorne Wilson, J.

A170110, *Elamin v. Shimek Properties, LLC*