Filed 5/20/26  P. v. Quintana CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DAVID QUINTANA,<br><br>    Defendant and Respondent. | B337724<br><br>(Los Angeles County<br>Super. Ct. No. BA357016) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin Stennis, Judge.  Affirmed.

George Gascón and Nathan J. Hochman, District Attorneys, Tracey Whitney, Jeffrey Herring, and Byron Beck, Deputy District Attorneys, for Plaintiff and Appellant.

Ricardo D. Garcia, Public Defender, Albert J. Menaster and Lydia Marquez, Deputy Public Defenders, for Defendant and Respondent.

_____

Pursuant to Penal Code[1] section 1172.6, the trial court resentenced David Quintana.  The People appeal.  We affirm.

**PROCEDURAL BACKGROUND**

In 2011, a jury found Quintana not guilty of first degree murder but guilty of second degree murder in the death of Brian Maciel.  Additionally, the jury found true special allegations that the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)) and that a principal personally and intentionally discharged a firearm causing death.  (§ 12022.53, subd. (d).)  The trial court sentenced Quintana to 15 years to life on the second degree murder conviction, imposed a consecutive term of 25 years to life on the firearm enhancement, and stayed the gang enhancement.  In a prior consolidated appeal, we affirmed the judgment of conviction.  (*People v. Frias* (Jan. 8, 2013, B233209, B232987) [nonpub. opn.].)

In 2019, Quintana filed a petition for resentencing pursuant to newly enacted section 1170.95 (now § 1172.6).  The petition was denied, and we affirmed the court's order.  (*People v. Quintana* (Aug. 11, 2020, B299286) [nonpub. opn.].)

In June 2022, after the resentencing statute was amended, Quintana filed a new resentencing petition.  The trial court received briefing from the parties and held a prima facie hearing on October 19, 2023.  The court concluded Quintana had made a prima facie case of eligibility for relief and set an evidentiary hearing.

---

[1]     All statutory references are to the Penal Code.

The evidentiary hearing took place on February 13, 2024. The People did not present new evidence at the evidentiary hearing, relying on the transcripts of the jury trial. Quintana presented a recorded interview by police.

After argument, the court stated it had read the record of the trial, including sidebar conferences, opening statements and closing arguments, with knowledge of what evidence it could consider in its review. The court found the People had not met their burden of proving beyond a reasonable doubt that Quintana was guilty of Maciel's murder as an aider and abettor and found Quintana eligible for resentencing relief under section 1172.6.

The court amended the information by interlineation, imposed the high term sentence of three years in state prison for a felony violation of section 32, and dismissed the two sentence enhancements pursuant to section 1385. Quintana's actual custody credits far exceeded his new sentence and he was released from prison. The People appeal.

## DISCUSSION

I.      *Applicable Law*

"The Legislature enacted Senate Bill 1437 'to more equitably sentence offenders in accordance with their involvement in homicides.' (Stats. 2018, ch. 1015, § 1(b).) The Legislature recognized, 'It is a bedrock principle of the law and of equity that a person should be punished for his or her actions according to his or her own level of individual culpability.' (*Id.*, § 1(d).) With this purpose in mind, Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual

3

killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1(f).) Outside of the felony-murder rule, 'a conviction for murder requires that a person act with malice aforethought. A person's culpability for murder must be premised upon that person's own actions and subjective mens rea.' (*Id.*, § 1(g).)

"Senate Bill 1437 altered the substantive law of murder in two areas. First, with certain exceptions, it narrowed the application of the felony-murder rule by adding section 189, subdivision (e) to the Penal Code. (Stats. 2018, ch. 1015, § 3.) Under that provision, 'A participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' (§ 189, subd. (e).)

"Second, Senate Bill 1437 imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).) 'Malice shall not be imputed to a person based solely on his or her participation in a crime.' (*Ibid.*) One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*).)

4

"Senate Bill 1437 also enacted former section 1170.95, which created a procedural mechanism 'for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief' where the two substantive changes described above affect a defendant's conviction. . . . Two years later, the Legislature amended the statute to expand the population of eligible offenders, codify certain aspects of [the Supreme Court's] decision in [*People v.*] *Lewis* [(2021) 11 Cal.5th 952 (*Lewis*)], and clarify the procedure and burden of proof at the evidentiary hearing stage of proceedings.  (Stats. 2021, ch. 551, § 1.)  One year after that, former section 1170.95 was renumbered as section 1172.6 without substantive change." (*Curiel*, *supra*, 15 Cal.5th at p. 449.)

Under section 1172.6, a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts."  (§ 1172.6, subd. (a).)  "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met (*id*., subd. (b)(1)(A)), including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437."  (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

5

" 'When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief." ' " (*Curiel, supra,* 15 Cal.5th at p. 450.) At the prima facie stage, the trial court is permitted to examine the record of conviction to assess whether it refutes the petitioner's claim of eligibility. (*Lewis, supra,* 11 Cal.5th at pp. 970–972.) Although the court must generally take the petitioner's factual allegations as true, it is not required to accept factual allegations that are conclusively refuted by the record of conviction, including the court's own documents. (*Id.* at p. 971.) The court, however, may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low' " (*ibid.*), and the court "may deny the petition at the prima facie stage only if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211 (*Gaillard*); see *Lewis,* at pp. 971–972.) " 'If, instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause." ' " (*Curiel,* at p. 450; see § 1172.6, subd. (c).)

If an order to show cause issues, "the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)

6

At the evidentiary hearing, the prosecution must prove beyond a reasonable doubt that the petitioner is "guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)  "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.  The court may also consider the procedural history of the case recited in any prior appellate opinion.  However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule.  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.  A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.  If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges."  (§ 1172.6, subd. (d)(3).)

II.    *Prima Facie Stage*

We are greatly hampered in addressing the People's arguments on appeal by deficiencies in their briefing.  Although the People state this case presents three issues on appeal, their opening brief includes only two arguments.  It appears their first argument is meant to encompass two alleged trial court errors,

one pertaining to the court's ruling that Quintana had made a prima facie case under section 1172.6, subdivision (c) and the other concerning the ruling made after the evidentiary hearing held pursuant to section 1172.6, subdivision (d)(3).  This violates the People's duty to separately identify each assertion of error under an appropriate heading (Cal. Rules of Court, rule 8.204(a)(1)(B)) and undermines our review.  (*Martine v. Heavenly Valley Limited Partnership* (2018) 27 Cal.App.5th 715, 728; *People v. Roscoe* (2008) 169 Cal.App.4th 829, 840 [rule 8.204(a)(1)(B) is a matter of fairness to the respondent and the court].)  "When a potential issue or argument is not presented to an appellate court in a separate heading or subheading, that issue or argument is deemed forfeited."  (*Phillips v. Honeywell Internat. Inc.* (2017) 9 Cal.App.5th 1061, 1077; *Foster v. Britton* (2015) 242 Cal.App.4th 920, 928, fn. 6.)

In the interest of justice, we address the People's arguments to the extent they are identifiable and include " 'meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.' "  (*In re M.V.* (2025) 109 Cal.App.5th 486, 518.)  To the extent we fail to address a point made in the opening brief, the issue is treated as forfeited.

The People challenge the judgment by arguing the trial court erred in finding Quintana made a prima facie showing entitling him to an evidentiary hearing.  In response to Quintana's argument that the People forfeited their challenge to the prima facie determination by not seeking writ review of that ruling, the People assert if they had sought writ review, they "undoubtedly" would have encountered a " 'two-step' " problem of the kind described in *People v. Montellano* (2019) 39 Cal.App.5th

8

148.  In *Montellano*, which considered the appealability of an initial order in an analogous Three Strikes resentencing scheme under section 1170.126, the Court of Appeal determined the first hearing in that two-step process is not separately appealable. (*Montellano*, at p. 157.)  From this, the People conclude that if they had appealed the order to show cause, it would have been deemed not directly appealable.  This is likely true, but it does not mean they could not seek writ review.  Indeed, in the section 1170.126 context to which the People analogize, it is established that a writ petition is the preferred method for the People to challenge the first-step order that a defendant is eligible for resentencing.  (*People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 988 (*Martinez*); see also Couzens & Bigelow, Cal. Three Strikes Sentencing (The Rutter Group 2024) § 14:13 ["If the prosecution disagrees with a trial court's determination of eligibility for resentencing, the proper remedy is to pursue a writ of mandate in the appellate court"].)

The People describe the argument that writ review is the appropriate vehicle for seeking review of the order finding a prima facie case and setting an evidentiary hearing as a "novel view" that is "inconsistent with the basic tenet of appellate practice," to wit, that writ review is available only when a party demonstrates the inadequacy of the appellate remedy.  But again looking at the section 1170.126 context, the Court of Appeal explained the first-step order there is best challenged by writ because, "[s]ignificantly, an appeal is not a plain, speedy, or adequate remedy under the circumstances" for an erroneous first-step ruling.  (*Martinez, supra*, 225 Cal.App.4th at p. 988.)  We see no reason, and the People provide none, why the same analysis would not apply here.  Just as with section 1170.126

9

resentencing, under section 1172.6 resentencing the People and the petitioner "both have a substantial interest in prompt resolution of the matter" (*Martinez*, at p. 988), and attempting to undo a post-evidentiary hearing resentencing order by challenging an earlier ruling ordering the hearing does not promote prompt resolution or efficient use of resources. The People should have sought writ review of the order to show cause rather than belatedly seeking to overturn the court's ruling at the evidentiary hearing by arguing an earlier ruling was incorrect.

But even if the prima facie finding and order to show cause are reviewable on appeal from the ultimate resentencing order, the People have not established error here. The People do not discuss the record of conviction or demonstrate that the materials properly considered at the prima facie hearing "establish conclusively that the defendant is ineligible for relief." (*Strong*, *supra*, 13 Cal.5th at p. 708.) Instead they present a series of contentions that switch between the prima facie hearing and the evidentiary hearing without explanation.

The People argue the trial court misread *Curiel*, *supra*, 15 Cal.5th 433, and assert this case is unlike *Curiel* because the jury here was not instructed on the natural and probable consequences doctrine, the felony murder doctrine, or an imputed malice theory. The People fail to include any citation to the trial court's discussion of *Curiel*, much less a particularized argument explaining how the court's references to *Curiel* at the evidentiary hearing show that it "misread" that opinion or made any analytical error. It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal, and the failure to do so allows us to treat

10

the points as waived.  (*People v. Wong* (2010) 186 Cal.App.4th 1433, 1446, fn. 9.)

The People's attempt to distinguish *Curiel* does not establish error here.  In his petition, Quintana challenged the jury instruction read to the jury that "[u]nder the circumstances, if the evidence establishes aiding and abetting one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime."  He argued this instruction allowed the jury to find him guilty of murder by imputing malice if the jury found he intended to aid and abet an assault.  The People do not address this argument or demonstrate it was foreclosed by *Curiel*.  The People's argument fails to show the record of conviction conclusively established Quintana was ineligible for relief as a matter of law.  (See *Gaillard*, *supra*, 99 Cal.App.5th at p. 1211; *Lewis*, *supra*, 11 Cal.5th at pp. 971–972.)

The People quote from the trial court's 2019 ruling and the Court of Appeal's 2020 opinion finding Quintana failed to make a prima facie case in his first petition for resentencing.  Both courts, however, were applying an earlier version of the resentencing statute that limited eligibility for resentencing to convictions for felony murder or murder on a natural and probable consequences theory.  (*People v. Quintana*, *supra*, B299286; former § 1170.95, subd. (a).)  The statute has since been amended by Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551) to expand eligibility for resentencing to convictions based on any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)  The People fail to acknowledge this intervening change in the law or to present argument and

11

authority showing how these opinions demonstrate the trial court erred.

The People next assert the court's prima facie finding was in error because Quintana "failed to articulate any theory of murder liability that was impacted by recent changes in the law." We disagree. Quintana argued in the trial court that the gang evidence and jury instructions allowed the jury to convict him of murder by imputing malice to him based on his intent to aid and abet an assault. The People correctly observe a "petitioner is ineligible for relief as a matter of law if the record of conviction shows that a defendant was not convicted under any theory of liability affected by the statutory amendments," but they neither address Quintana's argument that his murder conviction may have been based on imputed malice nor show how the record of conviction conclusively demonstrates he was not convicted of murder based on a now-invalid theory.

The People continue, "[I]f the jury instructions show—as they did in this case—that the jury was not instructed on either the natural and probable consequences or felony murder doctrines—then the petition should be denied without issuance of an order to show cause," citing *People v. Daniel* (2020) 57 Cal.App.5th 666, 677. However, this is no longer an accurate statement of the law because the statute was amended in 2021 by Senate Bill No. 775.

The People accurately state that a court is justified in making credibility determinations adverse to the petitioner at the prima facie review when the court's own documents include facts that refute the petition's allegations, citing *Lewis*, but they fail to explain how that general principle applies here or to demonstrate the record of conviction conclusively refuted Quintana's

allegations.  An appellant must offer argument as to how the court erred, rather than citing general principles of law without applying them to the circumstances before the court.  (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699.)

The People conclude their argument by stating, "In granting the petition, the trial court in this case appeared to believe that the Defendant could not be convicted of murder as the law stands today.  In reaching that conclusion, however, the court identified no disqualified theory of liability used to reach the verdict.  The court accordingly erred in finding that the Petitioner had made a prima facie showing entitling him to an evidentiary hearing."  (Fn. omitted.)

These three sentences contain multiple misconceptions.  First, in granting the petition, the trial court expressly found the People failed to carry their burden of proof at the evidentiary hearing, and the People have not directed us to anywhere in the record where the court stated Quintana could not be convicted of murder as the law stands today.  Second, the People offer no argument or citation to authority to support the view that the court was required to identify a "disqualified theory of liability used to reach the verdict," nor are we aware of any.  Rather, section 1172.6 obligates the trial court to make a preliminary assessment of the petitioner's prima facie showing and determine whether, if true, it would entitle the petitioner to relief.  Then, at the evidentiary hearing, the trial court must decide whether the People have carried their burden to prove beyond a reasonable doubt that the petitioner is guilty of murder under present law.  (§ 1172.6, subds. (c), (d)(3).)  Third, the People do not explain, and we cannot imagine, how an alleged error in granting the petition

13

after an evidentiary hearing logically could have any bearing on the correctness of its earlier ruling at the prima facie stage.

III.    *The Evidentiary Hearing*

The People begin their discussion of the evidentiary hearing by asserting, without citation to authority, that at a "properly granted" evidentiary hearing, the trial court may "evaluate the evidence supporting a conviction, the jury instructions and findings of fact to determine whether the conviction resulted from reliance on an invalidated theory." This is not what the trial court does at the evidentiary hearing. "Senate Bill No. 775 . . . clarified that the trial court's role in a section 1172.6 [evidentiary hearing] is to act as an independent fact finder and determine, in the first instance, whether the petitioner committed murder under the law as amended by Senate Bill No. 1437." (*People v. Trent* (2025) 112 Cal.App.5th 251, 258 (*Trent*); see § 1172.6, subd. (d)(3) [the prosecution must "prove[] beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019"].)

The People's remaining arguments fail because they flow from this misconception of the court's task at the evidentiary hearing. The People assert the trial court exceeded its "mandate" to determine whether the conviction resulted from reliance on an invalidated theory, but as discussed above, that is not the court's function at the evidentiary hearing. They argue the court erred by reweighing the evidence "despite a Court of Appeal opinion that previously affirmed the verdict and found the evidence to be sufficient," but section 1172.6, subdivision (d)(3) permits the trial court to consider only the procedural history of a case from a

14

prior appellate opinion; the Court of Appeal's 2013 opinion on Quintana's direct appeal predated by many years the major changes to California homicide law and the creation of the resentencing process; and whether there was substantial evidence to support Quintana's conviction is not the inquiry at the evidentiary hearing: "A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1172.6, subd. (d)(3).)

Finally, the People fault the trial court for "overr[iding] the trier of fact," "relitigat[ing] the evidence," "adopt[ing] a set of inferences that differed from those drawn by the jury," and accepting Quintana's statement to detectives as true when the jury evidently did not.  They argue the trial court "erred egregiously" when it "reached its own de novo 'reasonable doubt' determination" and granted the petition.  However, at the evidentiary hearing "the People are required to establish the defendant is guilty under current law *as a matter of fact* and beyond a reasonable doubt" (*People v. Clements* (2022) 75 Cal.App.5th 276, 296), and the trial court must "act as an independent fact finder and determine, in the first instance, whether the petitioner committed murder under the law as amended by Senate Bill No. 1437."  (*Trent*, *supra*, 112 Cal.App.5th at p. 258; see § 1172.6, subd. (d)(3).)  The People have not established error.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                             STRATTON, P. J.

We concur:



WILEY, J.



VIRAMONTES, J.

16